IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CURTIS M. COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-739-SLR |
| v. | ) |
| | ) |
| WARDEN RICK KEARNEY, | ) |
| SGT. JAMES CHANDLER, and | ) |
| C/O BEREZINSKY, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER TO THE COMPLAINT**

COMES NOW, the Defendants Warden Rick Kearney, Sgt. James Chandler, and Officer Bradley Berezansky (the "Defendants"), by and through their undersigned counsel, and hereby respond to the Complaint of Plaintiff Curtis M. Collins ("Collins" or "Plaintiff"), dated October 18, 2005 and filed October 21, 2005 (D.I. 2) (the "Complaint"). The Complaint is not formatted in paragraphs nor is it numbered. Therefore Defendants respond to the Complaint by sentence as follows:

**STATEMENT OF CLAIM AND ADDENDUM**

Sentence No. 1:   The allegations of Sentence No. 1 of the Complaint that begin with, "Warden this person knows" are denied.

Sentence No. 2:   The allegations of Sentence No. 2 of the Complaint that begin with, "C/O Berezinsky punched" are denied.

Sentence No. 3:   The allegations of Sentence No. 3 of the Complaint that begin with, "Now comes the above" are denied.

Sentence No. 4:   Defendants admit that Plaintiff was talking during

breakfast. Defendants deny each and every allegation of Sentence No. 4 of the Complaint not specifically admitted herein.

Sentence No. 5: The allegations of Sentence No. 5 of the Complaint that begin with, "Where as officer (Berezinksy)" are denied.

Sentence No. 6: The allegations of Sentence No. 6 of the Complaint that begin with "The plaintiff asked officer" are denied.

Sentence No. 7: The allegations of Sentence No. 7 of the Complaint that begin with "Now the Plaintiff understands" are admitted.

Sentence No. 8: The allegations of Sentence No. 8 of the Complaint that begin with "However if officer" are denied.

Sentence No. 9: The allegations of Sentence No. 9 of the Complaint that begin with, "Therefore officer wrongly" are denied.

Sentence No. 10: Defendants admit that Plaintiff was ordered to dump his tray. By way of further response to the allegations of Sentence No. 10 of the Complaint, Defendants state that Plaintiff was ordered to dump his tray as a result of disobeying a direct order. Defendants deny each and every allegation of Sentence No. 10 not specifically admitted herein.

Sentence No. 11: The allegations of Sentence No. 11 of the Complaint that begin with, "So plaintiff obeyed" are denied.

Sentence No. 12: The allegations of Sentence No. 12 of the Complaint that begin with, "Then plaintiff approaches" are denied.

Sentence No. 13: The allegations of Sentence No. 13 of the Complaint that begin with, "So Sergeant Chandler" are denied.

       <u>Sentence No. 14</u>:     The allegations of Sentence No. 14 of the Complaint that begin with, "As plaintiff was speaking" are denied.

       <u>Sentence No. 15</u>:     The allegations of Sentence No. 15 of the Complaint that begin with, "So as plaintiff was leaving" are denied.

       <u>Sentence No. 16</u>:     Defendants admit that Plaintiff turned around to face Officer Berezansky. Defendants deny each and every allegation of Sentence No. 16 of the Complaint not specifically admitted herein.

       <u>Sentence No. 17</u>:     The allegations of Sentence No. 17 of the Complaint that begin with "He came running" are denied.

       <u>Sentence No. 18</u>:     The allegations of Sentence No. 18 of the Complaint that begin with "As plaintiff stood still" are denied.

       <u>Sentence No. 19</u>:     The allegations of Sentence No. 19 of the Complaint that begin with "And to the best of my knowledge" are denied.

       <u>Sentence No. 20</u>:     The allegations of Sentence No. 20 of the Complaint that begin with "Then they slammed" are denied.

       <u>Sentence No. 21</u>:     Defendants admit that Plaintiff was sprayed with Capstun. Defendants deny each and every allegation of Sentence No. 21 of the Complaint not specifically admitted herein.

       <u>Sentence No. 22</u>:     Defendants admit that Plaintiff was placed in an ASDA cell. Defendants deny each and every allegation of Sentence No. 22 of the Complaint not specifically admitted herein.

       <u>Sentence No. 23</u>:     The allegations of Sentence No. 23 of the Complaint that begin with, "After complaining" are denied.

Sentence No. 24:   The allegations of Sentence No. 24 of the Complaint that begin with, "She said nothing" are denied.

Sentence No. 25:   Defendants admit that Plaintiff was placed in ASDA 1. Defendants deny each and every allegation of Sentence No. 25 of the Complaint not specifically admitted herein.

Sentence No. 26:   The allegations of Sentence No. 26 of the Complaint that begin with, "And plaintiff went approximately" are denied.

Sentence No. 27:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Sentence No. 27 of the Complaint that upon receiving medical attention Plaintiff had x-rays taken, and therefore deny same.

Sentence No. 28:   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Sentence No. 28 of the Complaint that x-rays indicated Plaintiff had fractured ribs and that Plaintiff has several witnesses, and therefore deny same.

Sentence No. 29:   The allegations of Sentence No. 29 of the Complaint that begin with, "The plaintiff filed many" are denied.

Sentence No. 30:   The allegations of Sentence No. 30 of the Complaint that begin with, "Therefore there is no" are denied.

Sentence Nos. 31 - 35:   The allegations of Sentence Nos. 31 through 35 of the Complaint that begin with "The plaintiff has received" discuss remedies Plaintiff believes he is entitled to receive. Because these sentences do not contain any allegations or statements of claim no response by the Defendants is required. To the

extent a response is required Defendants deny the allegations of Sentence Nos. 31 through 35 and deny that Plaintiff is entitled to any relief.

<u>Sentence No. 36</u>:   The allegations of Sentence No. 36 of the Complaint that begin with, "Not only has the Plaintiff" are denied.

<u>Sentence Nos. 37 - 39</u>:   The allegations of Sentence Nos. 37 through 39 of the Complaint that begin with "The plaintiff's pain from the above" state legal conclusions to which no response is required.

## RELIEF

Defendants deny that Plaintiff is entitled to any relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.  The Complaint fails to state claims upon which relief may be granted.

2.  The action and all claims are barred by Eleventh Amendment immunity.

3.  As to any claims against the State or against Defendants in their official capacities, Defendants and the State are protected from liability by the doctrine of sovereign immunity.

4.  The Defendants are entitled to qualified immunity.

5.  As to any claims under state law, the Defendants are entitled to immunity under the State Tort Claims Act, 10 Del. C. §4001 *et seq.*

6.  To the extent the Plaintiff seeks to hold Defendants liable based on supervisory responsibilities, the Doctrine of Respondeat Superior or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

7. Defendants, in their official capacities, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

8. This action and all claims are barred by the applicable statute of limitations.

9. Plaintiff has failed to exhaust his administrative remedies.

10. Defendants cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

11. The Plaintiff's claims are barred by his contributory negligence.

12. Insufficiency of service of process.

13. Insufficiency of process.

14. Lack of jurisdiction over the person and subject matter.

WHEREFORE, Defendants respectfully request the Court grant judgment in their favor and against the Plaintiff in all respects, and enter an Order (i) dismissing the Complaint in its entirety as to the Defendants; (ii) awarding Defendants their fees and costs; and (ii) granting such other and further relief as is just and proper.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
     Attorney for the Defendants

Dated: March 20, 2006

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on March 20, 2006, I caused a true and correct copy of the attached *Defendants' Answer To The Complaint* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT:**

Inmate Curtis M. Collins
SBI #00314128
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

___One true copy by facsimile transmission to each recipient

✓ Two true copies by first class mail, postage prepaid, to each recipient

___Two true copies by Federal Express

___Two true copies by hand delivery to each recipient

/s/ Erika Y. Tross
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400