IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CURTIS M. COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-739-SLR |
| | ) |
| | ) |
| WARDEN RICK KEARNEY, | ) |
| SGT. JAMES CHANDLER, and | ) |
| C/O BEREZANSKY, | ) |
| | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

Plaintiff Curtis M. Collins, an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4) Plaintiff sought, and was granted, leave to file an amended complaint which the court now proceeds to review and screen pursuant to 28 U.S.C. § 1915 and § 1915A. (D.I. 20)

For the reasons discussed below, the court will dismiss without prejudice the verbal abuse, equal protection, search and seizure, and medical malpractice claims as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A.

**I.   THE AMENDED COMPLAINT**

Plaintiff alleges excessive force, assault and battery, verbal abuse, equal protection, unreasonable seizure, refusal of medical treatment, and medical malpractice. Added as defendants

in the amended complaint are C/O Milligan ("Milligan"), C/O Daisey ("Daisey"), C/O Irvin Johnson ("Johnson") and John Does I and II. (D.I. 20)

Plaintiff alleges that on August 6, 2005, Berezansky yelled at him and they exchanged words. Plaintiff alleges that he asked Sgt. Chandler a question regarding the incident, but he received no response. Plaintiff alleges that he was then subjected to excessive force by defendants C/Os Berezansky, Milligan, Daisey, and Johnson. Plaintiff alleges that he was cuffed and taken to a holding cell. There he complaint of rib pain. He was seen by a nurse, but she did not examine him. Plaintiff alleges that he was placed in a cell and 47 days passed with no medical attention. When x-rays were finally taken, they indicated fractured ribs.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. These statutes provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Pro se complaints are liberally construed in favor of the

plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

#### A. Verbal Abuse

Plaintiff attempts to raise a claim of verbal abuse. However, verbal abuse and harassment do not rise to the level of a constitutional violation. See Murray v. Woodburn, 809 F.Supp. 383, 384 (E.D.Pa. 1993); see also McBride v. Deer, 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); Prisoners' Legal Ass'n v. Roberson, 822 F.Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not

3

violate inmate's constitutional rights). Similarly, allegations that prison personnel have used threatening language and gestures are not cognizable claims under § 1983. Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him). Based upon the foregoing, the verbal abuse claim has no basis in law and is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**B.  Equal Protection**

Plaintiff also attempts to raise an equal protection claim. To state a claim under the Equal Protection Clause, a prisoner must allege that he was treated differently from similarly situated inmates. Saunders v. Horn, 959 F.Supp. 689, 696 (E.D.Pa.1996); see also City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439, 1985) (noting that the Equal Protection clause "is essentially a direction that all persons similarly situated should be treated alike"); Price v. Cohen, 715 F.2d 87, 91 (3d Cir.1983) ("To establish a violation of the equal protection clause, a plaintiff must show that [an] allegedly offensive categorization invidiously discriminates against [a] disfavored group.").

Plaintiff has failed to allege that defendants discriminated against him or treated him differently from other inmates and, thus, plaintiff has not properly alleged an Equal Protection violation. See Saunders, 959 F.Supp. at 696 (finding that

4

prisoner had not stated an equal protection claim where he did not state that he was treated differently from other inmates with similar health problems). Accordingly, the equal protection claim is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### C. Seizure

Plaintiff alleges a violation of his Fourth Amendment right against unlawful seizure. Although not clear, it appears this allegation is in reference to his placement in a cell for 47 days.

The Fourth Amendment proscription against unreasonable searches and seizures does not apply in the prison context. See Hudson v. Palmer, 468 U.S. 517 (1984). "Moreover, the Fourth Amendment does not protect against seizures, or even destruction, of an inmate's property." Blackwell v. Vaughn, 2001 U.S. Dist. LEXIS 10893, at *10 (E. D.Pa. 2001) (citing Hudson, 468 U.S. at 528 n. 8).

Plaintiff fails to state a claim on which relief can be granted and, therefore, the Fourth Amendment claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### D. Medical Malpractice

Plaintiff also attempts to allege a state claim for medical malpractice. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act.

5

Del. Code Ann. tit. 18 § 6801(7).  When a party alleges medical negligence, Delaware law requires the party to produce expert medical testimony detailing:  "(1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury."  Bonesmo v. Nemours Foundation, 253 F.Supp.2d 801, 804 (D.Del. 2003) (quoting Green v. Weiner, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); Del. Code Ann. tit. 18 § 6853.

The complaint makes no mention of any individual who allegedly committed medical malpractice, nor did plaintiff include an affidavit of merit signed by an expert witness with his complaint as is required.  Therefore, the medical malpractice claim is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**IV. CONCLUSION**

NOW THEREFORE, at Wilmington this 18th day of July, 2006, IT IS HEREBY ORDERED that

1.  Plaintiff's claims of verbal abuse, equal protection, unlawful seizure, and medical malpractice are frivolous and are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2.  Plaintiff is allowed to proceed with the remaining claims against the defendants.

3.  When plaintiff learns the identities of John Doe 1 and

John Doe 2, he shall immediately move the court for an order directing amendment of the caption and service of the complaint upon them.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **additional defendants C/O Milligan, C/O Daisey, and C/O Irvin Johnson**, as well as for the attorney general of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Additionally, plaintiff shall provide the court with one copy of the complaint (D.I. 2) and the amended complaint (D.I. 20) for service upon the additional defendants. Plaintiff is notified that the United States Marshal will not serve the complaint and amended complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the additional defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil

action unless the documents reflect proof of service upon the parties or their counsel.

7.   **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8.   **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

/s/ Sue L. Robinson<br>
UNITED STATES DISTRICT JUDGE