**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CURTIS M. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-739-SLR |
| v. | ) | |
| | ) | |
| WARDEN RICK KEARNEY, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS KEARNEY, CHANDLER AND BEREZANSKY'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL [RE: D.I. 29]**

COMES NOW, Defendants Warden Rick Kearney, Sergeant James Chandler, and Officer Bradley Berezansky ("Defendants Kearney, Chandler, and Berezansky")[1] by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiff's Motion For Appointment Of Counsel (the "Motion to Appoint") (D.I. 29). In support of the Response, Defendants Kearney, Chandler, and Berezansky state as follows:

1.     Plaintiff Curtis M. Collins ("Collins" or "Plaintiff") is an inmate presently incarcerated at Delaware Correctional Center ("DCC"). At the time of filing his Complaint and the events alleged in the Complaint, Plaintiff was incarcerated at Sussex Correctional Institute ("SCI"). Collins is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

---

[1] Defendants C/O Milligan, C/O Daisey and C/O Irvin Johnson have been named as defendants in this action. It appears from the docket, however, that these defendants have not been served. Therefore these defendants are not a party to this Response.

2.      On October 21, 2005, Collins filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendants Kearney, Chandler, and Berezansky alleging that the defendants violated his constitutional rights while he was incarcerated at SCI by committing excessive force and assault and battery.  (D.I. 2).

3.      On May 12, 2006, Plaintiff moved for leave to amend his Complaint.  (D.I. 20).  In his Amended Complaint Plaintiff sought to add additional claims of verbal abuse, equal protection, unlawful seizure, refusal of medical treatment, and medical malpractice.  The Defendants did not oppose Plaintiff's Motion to Amend (D.I. 21) and on June 2, 2006, this Court granted Plaintiff leave to amend.  In a Memorandum and Order dated July 18, 2006, the Court dismissed Plaintiff's claims of verbal abuse, equal protection, unlawful seizure and medical malpractice pursuant to 28 U.S.C. §§ 1915 and 1915A.  (D.I. 26).  Therefore, the only remaining claims against the defendants are excessive force, assault and battery and refusal of medical treatment.

4.      On August 9, 2006, Collins filed the Motion to Appoint.  This is Defendants Kearney, Chandler, and Berezansky's Response in opposition to the Motion to Appoint.

5.      In his Motion to Appoint Collins contends that he should receive counsel because he is incarcerated, unskilled in the law and because the administration at DCC "limits the days and times that appellant is allowed access to the law library." (Motion to Appoint at 1).  Plaintiff's reasons do not warrant appointment of counsel at this time.

6.      The Third Circuit holds that *pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel.  *Parham v.*

*Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  Rather the appointment of counsel is left within the court's discretion.  *Parham*, 126 F.3d at 457; *Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993).  A court usually grants a request for appointment of counsel only "'upon a showing of special circumstances indicating a likelihood of substantial prejudice to [the litigant] resulting … from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case.'"  *Daniels v. Correctional Medical Services, Inc.*, 380 F.Supp.2d 379, 384 (D. Del. 2005) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

7.     In determining whether to appoint counsel a court must make a preliminary determination about the merits of a plaintiff's case.  *Parham*, 126 F.3d at 457.  If the court determines that the plaintiff's claims have some merit, then the court should consider several additional factors including:  (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation is necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) the need for expert testimony; and (6) whether the plaintiff can attain and afford counsel on his own behalf.  *Id.*

8.     In addition to considering the *Tabron* factors "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  *Parham*, 126 F.3d at 458.  Considering all of the *Tabron* factors, Collins does not require appointed counsel at this time.

9.      Assuming, for purposes of this Response, that Plaintiff's claims have some merit, the additional *Tabron* factors weight against the appointment of counsel.  First, Collins has demonstrated an ability to present his own case.  He has filed a lengthy and detailed Complaint and Amended Complaint both of which clearly set forth the facts of the case and Plaintiff's claims.  Second, the issues are not complex.  Plaintiff contends that the defendants used excessive force on him during an isolated incident in SCI's chow hall, committed the tort of assault and battery, and refused to provide him with medical treatment.  Third, factual investigation is necessary to a limited extent, however most of the facts are within the Plaintiff's knowledge.  Further to the extent Plaintiff needed to conduct further investigation this Court provided four (4) months for discovery.  Thus Collins had ample opportunity to pursue investigation of any factual issues.  Finally, expert testimony does not appear necessary at this time.

10.      In addition, the Scheduling Order entered in this case requires both parties to file summary judgment motions no later than September 25, 2006.  (See D.I. 19).  Therefore appointing counsel at this time would delay the proceedings and possibly waste volunteer lawyer time as summary judgment may resolve some or all of the issues.

11.      In light of the *Tabron* factors and the facts of this case, Collins does not need or require the appointment of legal counsel at this time.  Therefore his Motion to Appoint should be denied.

WHEREFORE, State Defendants Kearney, Chandler and Berezansky respectfully request that this Honorable Court deny Plaintiff's Motion for Appointment of Counsel.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**


*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
    Attorney for Defendants Rick Kearney,
    James Chandler, and Bradley
    Berezansky


Dated: August 21, 2006

# <u>CERTIFICATE OF SERVICE</u>

I, Erika Y. Tross, Esq., hereby certify that on August 21, 2006, I caused a true and correct copy of the attached ***Defendants Kearney, Chandler and Berezansky's Response In Opposition To Plaintiff's Motion For Appointment Of Counsel [Re: D.I. 29]*** to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT:**

Inmate Curtis M. Collins
SBI #00314128
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400