IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CURTIS M. COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-739-SLR |
| v. | ) |
| | ) |
| WARDEN RICK KEARNEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS KEARNEY, CHANDLER AND BEREZANSKY'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO
EXTEND DEADLINE FOR COMPLETION OF DISCOVERY [RE: D.I. 34]**

COMES NOW, Defendants Warden Rick Kearney, Sergeant James Chandler, and Officer Bradley Berezansky ("Defendants Kearney, Chandler, and Berezansky")[1] by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiff's Motion To Extend Deadline For Completion Of Discovery (the "Motion to Extend Discovery") (D.I. 34). In support of the Response, Defendants Kearney, Chandler, and Berezansky state as follows:

1. Plaintiff Curtis M. Collins ("Collins" or "Plaintiff") is an inmate presently incarcerated at Delaware Correctional Center ("DCC"). At the time of filing his Complaint and the events alleged in the Complaint, Plaintiff was incarcerated at Sussex Correctional Institute ("SCI"). Collins is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

---

[1] Collins recently served defendants C/O Milligan, C/O Daisey and C/O Irvin Johnson in this matter, however, they have not yet entered an appearance. Therefore these defendants are not a party to this Response.

2. On October 21, 2005, Collins filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendants Kearney, Chandler, and Berezansky alleging that the defendants violated his constitutional rights while he was incarcerated at SCI by committing excessive force and assault and battery. (D.I. 2).

3. On May 12, 2006, Plaintiff moved for leave to amend his Complaint. (D.I. 20). In his Amended Complaint Plaintiff sought to add additional claims of verbal abuse, equal protection, unlawful seizure, refusal of medical treatment, and medical malpractice. The Defendants did not oppose Plaintiff's Motion to Amend (D.I. 21) and on June 2, 2006, this Court granted Plaintiff leave to amend. In a Memorandum and Order dated July 18, 2006, the Court dismissed Plaintiff's claims of verbal abuse, equal protection, unlawful seizure and medical malpractice pursuant to 28 U.S.C. §§ 1915 and 1915A. (D.I. 26). Therefore, the only remaining claims against the defendants are excessive force, assault and battery and refusal of medical treatment.

4. On August 31, 2006, Collins filed the Motion to Extend Discovery. In the Motion to Extend Discovery Collins claims that discovery should be extended because he "has not been given the opportunity to controvert and refute the possible incorrect answers of [his] deposition." (Motion to Extend Discovery at 1).

5. On Friday afternoon, September 8, 2006, counsel for Defendants Kearney, Chandler, and Berezansky received from the transcriptionist a copy of the deposition transcript of Collins. On Monday, September 11, 2006, counsel for Defendants Kearney, Chandler and Berezansky mailed Collins a copy of the transcript for his review. This is Defendants Kearney, Chandler, and Berezansky's Response in opposition to the Motion to Extend Discovery.

6.    Collins contends in his Motion to Extend Discovery that the discovery deadline in this case should be extended because he has not yet received a copy of his deposition transcript for review.  Plaintiff, however, has not provided a reasonable basis for an extension of the discovery deadline in this case.  Therefore the Motion to Extend Discovery should be denied for several reasons.

7.    First, although Federal Rule of Civil Procedure 30(e) permits a deponent to review the deposition transcript it does not require that this review occur within the discovery period.  Defendants Kearney, Chandler and Berezansky provided Collins a courtesy copy of the transcript in light of his *in forma pauperis* status.  There is nothing in the rules, however, that requires that Collins review the transcript prior to the close of discovery.  Thus an extension of the discovery deadline to review the transcript is not mandated.

8.    Second, counsel for Defendants Kearney, Chandler and Berezansky mailed Collins a copy of the transcript shortly after she received it.  Collins's deposition occurred on August 17, 2006, but the transcript was received by counsel for Defendants Kearney, Chandler and Berezansky on the afternoon of Friday, September 8, 2006.  The following Monday, September 11, 2006, counsel for Defendants Kearney, Chandler and Berezansky mailed Collins a copy of the transcript.  Therefore the Defendants did not deliberately withhold a copy of the transcript from Collins and an extension of the discovery deadline is not required.

9.    A third reason for denying Collins's request for an extension of the discovery deadline is that the Motion to Extend Discovery and Collins's late discovery requests (see D.I. 33) are just an attempt by Collins to further delay resolution of this

matter and exacerbate these proceedings. The Court entered a scheduling order in this case on April 25, 2006, stating that discovery was to be initiated so as to be completed by August 25, 2006. (D.I. 19). Therefore Collins had at least four (4) months to file discovery requests. Collins, however, did not file a single discovery request during the entire four (4) month period. In fact Collins only began filing discovery requests on August 31, 2006, six (6) days after discovery closed. (See D.I. 33). Collins made no effort to conduct discovery during the requisite period and has offered no reason for his failure to conduct discovery. Therefore Collins has no good faith basis for requesting an extension of the discovery deadline and the Motion to Extend Discovery should be denied.

10. Finally, extending the discovery deadline in this matter would further tax the time and resources of this Court. According to the scheduling order, opening briefs on motions for summary judgment are due on September 25, 2006, answering briefs are due on October 25, 2006 and reply briefs are due November 8, 2006. Thus an extension of the discovery deadline would require extensions of all summary judgment deadlines. Such extensions would unduly burden the time and resources of this Court and unnecessarily prolong these proceedings. Given that Collins has offered no reasonable basis for needing an extension of discovery his request for an extension of the discovery deadline should be denied.

WHEREFORE, State Defendants Kearney, Chandler and Berezansky respectfully request that this Honorable Court deny Plaintiff's Motion to Extend Discovery.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
    Attorney for Defendants Rick Kearney,
    James Chandler, and Bradley
    Berezansky

Dated: September 11, 2006

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on September 11, 2006, I caused a true and correct copy of the attached ***Defendants Kearney, Chandler and Berezansky's Response In Opposition To Plaintiff's Motion To Extend Deadline For Completion Of Discovery [Re: D.I. 34]*** to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT:**

Inmate Curtis M. Collins
SBI #00314128
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

__ One true copy by facsimile transmission to each recipient

✓ Two true copies by first class mail, postage prepaid, to each recipient

__ Two true copies by Federal Express

__ Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400