IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CURTIS M. COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-739-SLR |
| | ) |
| WARDEN RICK KEARNEY, et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

At Wilmington this 20th day of September, 2006, having considered plaintiff's motions for various relief;

IT IS ORDERED that:

1. Plaintiff's motion to take depositions (D.I. 23) is **granted** to the extent that he may take the deposition of no more than three defendants pursuant to Fed. R. Civ. P. 31, which allows depositions upon written questions. On or before **October 10, 2006,** plaintiff shall submit to the court no more than ten written questions for each defendant he wishes to depose. The questions shall be filed under seal to be viewed only by the court and the officer before whom the deponent(s) will appear as designated in the notice of deposition. Plaintiff shall not provide a service copy of the questions to defendants and/or deponent(s).

2. On or before **October 17, 2006,** counsel for defendants shall contact Nancy Rebeschini, Esquire, the court's pro se law clerk, to schedule a date and time for the written depositions.

The depositions shall take place at the J. Caleb Boggs Federal Building, Wilmington, Delaware.

3. The procedure for the written depositions shall be as follows: The court will issue the notice for the written depositions. The notice will include the names of the deponent(s) and the designated officer before whom the deponent(s) will testify. Each deponent will be sworn in by the designated officer. The designated officer will read aloud to each deponent the questions as submitted by plaintiff. The designated officer will provide paper and pen so that a deponent may provide a written answer to each question. A deponent shall have the option of bringing a laptop computer to the deposition as a means of answering the questions. The court will provide a computer disc for the answers typed into the computer. Each deponent will verify his written answers. The designated officer will certify the deposition, file it with the court and mail complete copies of the deposition(s) to the plaintiff, defendants and/or deponents.

4. Plaintiff's motion for appointment of counsel (D.I. 29) is **denied without prejudice**. Plaintiff, a pro se litigant proceeding in forma pauperis, has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to

seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including: (1) plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of plaintiff to pursue investigation; (4) plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d at 499. Plaintiff has shown that he is able to articulate the alleged facts clearly. To date, the motions he has filed evidence his ability to understand and implement the Federal Rules of Civil Procedure. Also, this is not a complex case.

5.  Plaintiff's motion to submit supplemental documents (D.I. 35) is **granted**. The documents are now part of the record.

6.  Plaintiff's motion to extend the discovery deadline (D.I. 34) is **granted**. Discovery shall be completed on or before **November 17, 2006.**

7.  Case dispositive motions, accompanied by a brief, shall be filed on or before **December 8, 2006.** Answering briefs shall be filed on or before **January 8, 2007.** Reply briefs shall be filed on or before **January 22, 2007.**

*[signature]*
United States District Judge