IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CURTIS M. COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-739-SLR |
| v. | ) |
| | ) Jury Trial Requested |
| WARDEN RICK KEARNEY, et al., | ) |
| | ) |
| Defendants. | ) |

## STATE DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT

COMES NOW, State Defendants Warden Rick Kearney, Sergeant James Chandler, Officer Bradley Berezansky, Officer Michael Milligan, Officer Jeffrey Daisey, and Officer Irvin Johnson (the "State Defendants"), by and through their undersigned counsel, and hereby respond to the Amended Complaint of Plaintiff Curtis M. Collins ("Collins" or "Plaintiff"), dated March 29, 2006 and filed May 12, 2006 (D.I. 20) (the "Amended Complaint"). The Amended Complaint is not formatted in paragraphs. Therefore, State Defendants respond to the Amended Complaint by sections as follows:

### Jurisdiction

The allegations of the "Jurisdiction" section of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required State Defendants specifically deny any wrongdoing.

### Previous Lawsuits

State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the "Previous Lawsuits" section of the Amended Complaint and, therefore, deny same.

**Exhaustion Pursuant to PLRA**

The allegations of the "Exhaustion Pursuant to PLRA" section of the Amended Complaint are denied.

**Statement of Claim**

<u>Sentence No. 1:</u>   The allegations of Sentence No. 1 of the "Statement of Claim" section of the Amended Complaint that begin with, "On 8-6-2005" are admitted.

<u>Sentence No. 2:</u>   State Defendants admit that Plaintiff was talking in the chow hall during breakfast. State Defendants deny each and every allegation of Sentence No. 2 of the "Statement of Claim" section of the Amended Complaint not specifically admitted herein.

<u>Sentence No. 3:</u>   State Defendants admit that Plaintiff was ordered to dump his tray. By way of further response to the allegations of Sentence No. 3 of the "Statement of Claim" section of the Amended Complaint, State Defendants state that Plaintiff was ordered to dump his tray as a result of disobeying a direct order. State Defendants deny each and every allegation of Sentence No. 3 not specifically admitted herein.

<u>Sentence No. 4:</u>   State Defendants admit that Plaintiff was told that there is no talking in the chow hall. State Defendants deny each and every allegation of Sentence No. 4 of the "Statement of Claim" section of the Amended Complaint not specifically admitted herein.

<u>Sentence No. 5:</u>   State Defendants admit that Plaintiff began talking to Sergeant Chandler after he was given a direct order to dump his tray. State Defendants

deny each and every allegation of Sentence No. 5 of the "Statement of Claim" section of the Amended Complaint not specifically admitted herein.

<u>Sentence No. 6:</u>    The allegations of Sentence No. 6 of the "Statement of Claim" section of the Amended Complaint that begin with the words "Sgt. Chandler did not," are denied.

<u>Sentence No. 7:</u>    The allegations of Sentence No. 7 of the "Statement of Claim" section of the Amended Complaint that begin with the words "As Curtis was leaving," are denied.

<u>Sentence No. 8:</u>    State Defendants admit that Plaintiff turned around to face Officer Berezansky. State Defendants deny each and every allegation of Sentence No. 8 of the "Statement of Claim" section of the Amended Complaint not specifically admitted herein.

<u>Sentence No. 9:</u>    The allegations of Sentence No. 9 of the "Statement of Claim" section of the Amended Complaint that begin with the words "C/Os (Milligan), (Daisey) and (Irvin Johnson)," are denied. By way of further response, State Defendants state that Officer Milligan was not working at Sussex Correctional Institute on August 6, 2005. State Defendants further state that Officer Johnson was not working in the chow hall during breakfast on August 6, 2005.

<u>Sentence No. 10:</u>    The allegations of Sentence No. 10 of the "Statement of Claim" section of the Amended Complaint that begin with the words "Then they sprayed," are denied.

<u>Sentence No. 11:</u>    State Defendants admit that Plaintiff was placed in an ASDA cell. State Defendants deny each and every allegation of Sentence No. 11 of

the "Statement of Claim" section of the Amended Complaint not specifically admitted herein.

Sentence No. 12:  State Defendants admit that Plaintiff was examined by a nurse on August 6, 2005.  State Defendants deny each and every allegation of Sentence No. 12 of the "Statement of Claim" section of the Amended Complaint not specifically admitted herein.

Sentence No. 13:  The allegations of Sentence No. 13 of the "Statement of Claim" section of the Amended Complaint that begin with the words "She did no examination," are denied.

Sentence No. 14:  State Defendants admit that Plaintiff was placed in ASDA 1.  State Defendants deny each and every allegation of Sentence No. 14 of the "Statement of Claim" section of the Amended Complaint not specifically admitted herein.

Sentence No. 15:  State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Sentence No. 15 of the "Statement of Claim" section of the Amended Complaint that Plaintiff had x-rays taken which indicated his ribs were fractured, and therefore, deny same.

Sentence No. 16:  State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Sentence No. 16 of the "Statement of Claim" section of the Amended Complaint that Plaintiff requested a copy of his x-rays and was told he could not have a copy, and therefore, deny same.

**Relief Requested**

State Defendants deny that Plaintiff is entitled to any relief.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1. The Amended Complaint fails to state claims upon which relief may be granted.

2. The action and all claims are barred by Eleventh Amendment immunity.

3. As to any claims against the State or against State Defendants in their official capacities, State Defendants and the State are protected from liability by the doctrine of sovereign immunity.

4. Officials and employees of the State of Delaware acting in good faith within the scope of their employment and without knowingly violating well established federal rights, are entitled to qualified immunity and cannot be held liable in this action.

5. State Defendants, in their official capacities, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

6. As to any claims sounding in state law, the State Defendants are immune from liability under the State Tort Claims Act, 10 Del. C. §4001, *et seq.*

7. To the extent the Plaintiff seeks to hold State Defendants liable based on supervisory responsibilities, the Doctrine of Respondeat Superior or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

8. This action and all claims are barred, in whole or in part, by the

applicable statute of limitations or any other statutorily required administrative time requirement.

9. Plaintiff has failed to exhaust his administrative remedies, including but not limited to, remedies pursuant to 42 *U.S.C.* § 1997a(e).

10. State Defendants cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

11. The Plaintiff's claims are barred by his contributory negligence.

12. To the extent Plaintiff's claims sound in negligence, Plaintiff cannot state a cause of action under 42 *U.S.C.* § 1983.

13. Plaintiff fails to state a claim against State Defendants for failure to train or for maintenance of wrongful customs, practices and policies.

14. Plaintiff fails to state a claim against State Defendants for violation of the Eighth Amendment.

15. Plaintiff's injuries were caused, in whole or in part, and/or exacerbated by a pre-existing condition which existed prior to the date of any alleged wrongful conduct by the State Defendants.

16. Plaintiff's injuries and damages, if any, resulted from an intervening and superseding cause.

17. Plaintiff's own conduct proximately caused and/or exacerbated his injuries, if any.

18. Insufficiency of service of process.

19. Insufficiency of process.

20. Lack of jurisdiction over the person and subject matter.

WHEREFORE, State Defendants respectfully request the Court grant judgment in their favor and against the Plaintiff in all respects, and enter an Order (i) dismissing the Complaint in its entirety as to the State Defendants; (ii) awarding State Defendants their fees and costs; and (iii) granting such other and further relief as is just and proper.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
   Attorney for the State Defendants

Dated: October 31, 2006

# **CERTIFICATE OF SERVICE**

I, Erika Y. Tross, Esq., hereby certify that on October 31, 2006, I caused a true and correct copy of the attached *State Defendants' Answer To The Amended Complaint* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT:**

Inmate Curtis M. Collins
SBI #00314128
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

                                                  */s/ Erika Y. Tross*
                                                  Erika Y. Tross (#4506)
                                                  Deputy Attorney General
                                                  Delaware Department of Justice
                                                  Carvel State Office Building
                                                  820 N. French Street, 6th Floor
                                                  Wilmington, DE 19801
                                                  302-577-8400