IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CURTIS M. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-739-SLR |
| v. | ) | |
| | ) | Jury Trial Requested |
| WARDEN RICK KEARNEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND/CORRECT [RE: D.I. 67]**

COMES NOW, State Defendants Warden Rick Kearney, Sergeant James Chandler, Officer Bradley Berezansky, Officer Michael Milligan, Officer Irvin Johnson and Officer Jeffrey Daisey (the "State Defendants") by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiff's Motion to Amend/Correct (the "Motion") (D.I. 67). In support of the Response, State Defendants state as follows:

1. Plaintiff Curtis M. Collins ("Collins" or "Plaintiff") is an inmate presently incarcerated at Delaware Correctional Center ("DCC"). At the time of filing his Complaint and the events alleged in the Complaint, Plaintiff was incarcerated at Sussex Correctional Institute ("SCI"). Collins is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2. On October 21, 2005, Collins filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendants Kearney, Chandler, and Berezansky alleging that the defendants violated his constitutional rights while he was incarcerated at SCI by committing excessive force and assault and battery. (D.I. 2).

3. On April 25, 2006, the Court entered a Scheduling Order in this matter setting August 25, 2006 as the date discovery would close and establishing the briefing schedule for dispositive motions. (D.I. 19).

4. Less than one month later, on May 12, 2006, Plaintiff moved to amend his Complaint. (D.I. 20). In his Amended Complaint Plaintiff sought leave from the Court to add additional claims of verbal abuse, equal protection, unlawful seizure, refusal of medical treatment, and medical malpractice. Plaintiff also sought leave to add as defendants Officer Irvin Johnson, Officer Michael Milligan and two other individuals. Defendants Kearney, Chandler, and Berezansky did not oppose Plaintiff's Motion to Amend (D.I. 21) and on June 2, 2006, this Court granted Plaintiff leave to amend. In a Memorandum Opinion and Order dated July 18, 2006, the Court dismissed Plaintiff's claims of verbal abuse, equal protection, unlawful seizure and medical malpractice pursuant to 28 U.S.C. §§ 1915 and 1915A. (D.I. 26). Therefore, the only remaining claims against the State Defendants are excessive force, assault and battery and refusal of medical treatment.

5. On September 1, 2006, after the discovery cut off date, Collins filed a request with the Court for extension of the discovery deadline. (D.I. 34). The Court granted Plaintiff's request and reset all deadlines in the case. By the terms of the Court's amended scheduling order discovery closes today, November 17, 2006, and opening briefs on any case dispositive motions are due December 8, 2006. (D.I. 47).

6. Four days prior to the close of discovery, on November 13, 2006, Collins filed the Motion requesting the Court permit him to add another defendant –

Officer Shawn Emerick – to the case. This is the State Defendants' Response in Opposition to the Motion to Amend/Correct.

7. Federal Rule of Civil Procedure 15(a) states that a party may amend his pleadings after the responsive pleading has been served "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In this case the State Defendants object to the request to amend. Therefore, Collins must receive permission to amend from the Court.

8. A court should deny a Plaintiff leave to amend where the Plaintiff is "guilty of undue delay, bad faith, dilatory motive, prejudice, or his or her amended claims are futile." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997).

9. In this case Collins is clearly guilty of undue delay. On May 12, 2006, Collins requested leave of this Court to add additional defendants. At no time did Collins request that Officer Emerick be added to the Complaint. Further, on or about September 11, 2006, Collins was provided a copy of his deposition transcript which included as exhibits all of the Incident Reports related to the allegations in Plaintiff's Complaint. The Incident Reports listed all of the officers involved in the August 6, 2005 Incident. Thus Plaintiff had an opportunity to add Officer Emerick as a defendant at least as early as mid-September, after he received a copy of the Incident Reports. Collins, however, chose to wait an additional two months before filing his request to add Officer Emerick.

10. If Collins is permitted to add Officer Emerick it will only serve to further delay these proceedings. Discovery in this matter closes today, November 17,

2006. The parties are scheduled to submit opening briefs on case dispositive motions by December 8, 2006. These dates have already been extended once at the request of the Plaintiff and will need to be extended again if Collins is permitted to add Officer Emerick as a defendant to the lawsuit.

11. Plaintiff can offer no justifiable reason for his failure to add Officer Emerick on May 12, September 11, or any time shortly thereafter. Plaintiff's request to add Officer Emerick a few days before the close of discovery, and less than a month before case dispositive motions are due, is the result of undue delay and should be denied.

12. In the alternative, should the Court grant Plaintiff's request, State Defendants ask that the dates for the close of discovery and submission of briefs on case dispositive motions be extended at least thirty (30) days.

WHEREFORE, State Defendants respectfully request that this Honorable Court deny Plaintiff's Motion to Amend/Correct.

>                         **DEPARTMENT OF JUSTICE**
>                         **STATE OF DELAWARE**
>
>                         */s/ Erika Y. Tross*
>                         Erika Y. Tross (#4506)
>                         Deputy Attorney General
>                         820 N. French Street, 6th Floor
>                         Wilmington, DE  19801
>                         (302) 577-8400
>                             Attorney for State Defendants

Dated: November 17, 2006

# **CERTIFICATE OF SERVICE**

I, Erika Y. Tross, Esq., hereby certify that on November 17, 2006, I caused a true and correct copy of the attached *State Defendants' Response In Opposition To Plaintiff's Motion To Amend/Correct [Re: D.I. 67]* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT:**

Inmate Curtis M. Collins
SBI #00314128
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400