**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CURTIS M. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-739-SLR |
| v. | ) | Jury Trial Requested |
| | ) | |
| WARDEN RICK KEARNEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO EXTEND DEADLINE FOR A DISPOSITIVE MOTION [RE:D.I. 71]**

COMES NOW, State Defendants Warden Rick Kearney, Sergeant James Chandler, Officer Bradley Berezansky, Officer Michael Milligan, Officer Jeffrey Daisey, and Officer Irvin Johnson (the "State Defendants"), by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiff's Motion To Extend Deadline For A Dispositive Motion (the "Motion to Extend Deadline") (D.I. 71). In support of the Response, the State Defendants state as follows:

1.     Plaintiff Curtis M. Collins ("Collins" or "Plaintiff") is an inmate presently incarcerated at Delaware Correctional Center ("DCC").  At the time of filing his Complaint and the events alleged in the Complaint, Plaintiff was incarcerated at Sussex Correctional Institute ("SCI").  Collins is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2.     On October 21, 2005, Collins filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendants Kearney, Chandler, and Berezansky alleging that the defendants violated his constitutional rights while he was incarcerated at SCI by committing excessive force and assault and battery.  (D.I. 2).

3.      On April 25, 2006, the Court entered a Scheduling Order in this matter setting August 25, 2006 as the date discovery would close and establishing the briefing schedule for dispositive motions.  (D.I. 19).

4.      Less than one month later, on May 12, 2006, Plaintiff moved to amend his Complaint.  (D.I. 20).  In his Amended Complaint Plaintiff sought leave from the Court to add additional claims of verbal abuse, equal protection, unlawful seizure, refusal of medical treatment, and medical malpractice.  Plaintiff also sought leave to add as defendants Officer Irvin Johnson, Officer Michael Milligan and two other individuals. Defendants Kearney, Chandler, and Berezansky did not oppose Plaintiff's Motion to Amend (D.I. 21) and on June 2, 2006, this Court granted Plaintiff leave to amend.

5.      In a Memorandum Opinion and Order dated July 18, 2006, the Court dismissed Plaintiff's claims of verbal abuse, equal protection, unlawful seizure and medical malpractice pursuant to 28 U.S.C. §§ 1915 and 1915A.  (D.I. 26).  Therefore, the only remaining claims against the State Defendants are excessive force, assault and battery and refusal of medical treatment.

6.      On September 1, 2006, after the initial discovery cut off date, Collins filed a request with the Court for extension of the discovery deadline.  (D.I. 34). The Court granted Plaintiff's request and reset all deadlines in the case.  By the terms of the Court's amended scheduling order discovery closed November 17, 2006, and opening briefs on any case dispositive motions are due December 8, 2006.  (D.I. 47).

7.      On November 21, 2006, less than three (3) weeks before case dispositive motions are due, Plaintiff filed the Motion to Extend Deadline.  This is the State Defendants' Response in Opposition to the Motion to Extend Deadline.

8.    Collins contends in his Motion to Extend Deadline that the deadline for filing case dispositive motions should be extended thirty (30) days because he is in segregation and he cannot see or talk to a paralegal about his legal problems. Plaintiff, however, has misrepresented the facts to the Court.

9.    Plaintiff is not housed in segregation.  Rather Plaintiff is housed in the Maximum Housing Unit ("MHU"), Building #21 of Delaware Correctional Center. (See Exhibit "A", Affidavit of Timothy Martin at 1, ¶2).  Building #21 has a heightened security level.    Therefore all legal work for inmates housed in Building #21 is handled through in-house mail service.  (Exhibit "A" at 1, ¶3).  "Although Mr. Collins does not have physical access to the law library or a paralegal, he is permitted to write his requests to the law library staff through institutional mail.  His requests are then completed by staff paralegals and inmate workers." (*Id.*).  Thus, despite his allegations in the Motion to Extend Deadline, Mr. Collins does have access to the law library and paralegals.  Further Mr. Collins is aware of the services rendered by the law library and has used these services many times within the past seven (7) months.  (See Exhibits "1" and "2" to the Martin Affidavit).

10.    Collins has offered no good faith basis for an extension of the deadline set by the Court.  In fact, the reasons Collins offers in the Motion to Extend Deadline are false.

11.    Further, Plaintiff's request is nothing more than an attempt to further delay resolution of this matter and exacerbate these proceedings.  Deadlines in this litigation have already been extended once at the request of the Plaintiff.  This second

request is nothing more than an attempt to delay these proceedings without any just cause.

12.    Finally, extending the discovery deadline in this matter would further tax the time and resources of this Court.  According to the scheduling order, opening briefs on motions for summary judgment are due on December 8, 2006, answering briefs are due on or before January 8, 2007 and reply briefs are due no later than January 22, 2007.  (See D.I. 47).  Thus an extension of the discovery deadline would require an extension of all deadlines.  Such extensions would unduly burden the time and resources of this Court and unnecessarily prolong these proceedings.  Given that Collins has offered no reasonable basis for needing an extension of the dispositive motion deadline his request for an extension should be denied.

WHEREFORE, the State Defendants respectfully request that this Honorable Court deny Plaintiff's Motion to Extend Deadline for a Dispositive Motion.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
    Attorney for State Defendants

Dated: December 4, 2006

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CURTIS M. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-739-SLR |
| v. | ) | Jury Trial Requested |
| | ) | |
| WARDEN RICK KEARNEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Upon the Plaintiff's Motion To Extend Deadline For A Dispositive Motion (D.I. 71), and State Defendants' Response In Opposition To Plaintiff's Motion To Extend Deadline For A Dispositive Motion; and it appearing that good and sufficient notice of Plaintiff's Motion and State Defendants' Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motion To Extend Deadline For A Dispositive Motion is **DENIED**.

SO ORDERED this _____ day of _____, 2006.

_____
The Honorable Sue L. Robinson
United States District Court Judge

# <u>CERTIFICATE OF SERVICE</u>

I, Erika Y. Tross, Esq., hereby certify that on December 4, 2006, I caused a true and correct copy of the attached *State Defendants' Response In Opposition To Plaintiff's Motion To Extend Deadline For A Dispositive Motion [Re: D.I. 71]* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT:**

Inmate Curtis M. Collins
SBI #00314128
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400