# EXHIBIT S

Westlaw.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)
(Cite as: --- F.Supp.2d ----)

Page 1

Dickens v. Taylor D.Del.,2006.Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Kevin L. DICKENS, Plaintiff,
v.
Commissioner Stan TAYLOR, Bureau Chief Paul Howard, Richard Eugene Seifert, Anthony Rendina, Ibcc, John Ryan, Mike Little, Joe Hudson Ms. Havel, Cpl. Oney, Warden Tom Carroll, Dep. Warden Betty Burris, Dep. Warden Mcguigan, Major Cunningham, Capt. Sagers, Capt. Belanger Staff Lt. B. Williams, Staff Lt. Burton, Lt. Savage, Igc Lise Merson, Sgt. Evans Sgt. Moran, C/O Harris, Sgt. Tyson, C/O Neal, QRT1, Lt. Stanton, C/O Gardels, Lt. Harvey, Lt. Secord, Lt. Welcome, C/O Rainey, QRT2, Jayme Jackson, Lt. Porter, Cpl. Kromka, Counselor Kromka, Kramer, Zanda, Brian Engram, Ron Drake Major Holman, First Correctional Medical, Dr. Arronburl, Nurse Brenda Holwerda, Nurse Courtney Doe, Nurse Cindy Doe, Medical Director, Delaware Center for Justice, Shakeerah Haikal, Camille Pringle, Littleton Mitchell, and Frank Scarpetti, Defendants.
No. CIVA 04-201 JJF.

Nov. 3, 2006.

**Background:** Proceeding in forma pauperis and pro se, prisoner filed civil rights action against various corrections defendants, alleging unlawful conditions of confinement, **excessive force**, failure to investigate, retaliation, denial of access to the courts, improper disciplinary proceedings, **failure to protect**, and inadequate medical care.

**Holdings:** The District Court, Farnan, J., held that:

(1) prisoner failed to state **excessive force** or **failure to protect** claim against **correctional officers**;

(2) placement of prisoner in isolation for no more than two months at a time did not implicate a liberty interest;

(3) prisoner could not maintain constitutional claims based upon an inadequate grievances system, that grievances were denied, that he was not provided a hearing upon the filing of a grievance, or that his grievances were not addressed;

(4) prisoner had no property or liberty interest in prison classification program or his housing assignment; and

(5) prisoner failed to state an equal protection claim based on allegation that majority of the **inmates** in special housing unit were black.

Various claims dismissed.

[1] Federal Civil Procedure 170A ⚞2734

170A Federal Civil Procedure
   170AXIX Fees and Costs
      170Ak2732 Deposit or Security
         170Ak2734 k. Forma Pauperis Proceedings. Most Cited Cases
Court must dismiss a prisoner's in forma pauperis civil rights claim if it determines that the claim is of little or no weight, value, or importance, not worthy of serious consideration, or trivial. 28 U.S.C.A. §§ 1915, 1915A; Prison Litigation Reform Act of 1995, § 101(c)(1), 42 U.S.C.A. § 1997e(c)(1).

[2] Federal Civil Procedure 170A ⚞2734

170A Federal Civil Procedure
   170AXIX Fees and Costs
      170Ak2732 Deposit or Security
         170Ak2734 k. Forma Pauperis Proceedings. Most Cited Cases
A prisoner's in forma pauperis civil rights claim is frivolous if it lacks an arguable basis either in law or in fact. 28 U.S.C.A. §§ 1915, 1915A; Prison Litigation Reform Act of 1995, § 101(c)(1), 42 U.S.C.A. § 1997e(c)(1).

[3] Federal Civil Procedure 170A ⚞1773

170A Federal Civil Procedure
   170AXI Dismissal
      170AXI(B) Involuntary Dismissal
         170AXI(B)3 Pleading, Defects In, in General
            170Ak1773 k. Clear or Certain Nature of Insufficiency. Most Cited Cases
A pro se complaint can only be dismissed for failure to state a claim when it appears beyond doubt that the

--- F.Supp.2d ----  
--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)  
(Cite as: --- F.Supp.2d ----)

Page 2

plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

**[4] Civil Rights 78 ⇐ 1358**

78 Civil Rights  
  78III Federal Remedies in General  
    78k1353 Liability of Public Officials  
      78k1358 k. Criminal Law Enforcement; Prisons. Most Cited Cases

**Civil Rights 78 ⇐ 1389**

78 Civil Rights  
  78III Federal Remedies in General  
    78k1385 Parties  
      78k1389 k. Criminal Law Enforcement; Prisons. Most Cited Cases

Institutional base classification committee, quick response teams, and justice center were not persons within meaning of § 1983; if prisoner wished to bring suit against a committee or team member, he had to name each individual. 42 U.S.C.A. § 1983.

**[5] Civil Rights 78 ⇐ 1304**

78 Civil Rights  
  78III Federal Remedies in General  
    78k1304 k. Nature and Elements of Civil Actions. Most Cited Cases

**Civil Rights 78 ⇐ 1394**

78 Civil Rights  
  78III Federal Remedies in General  
    78k1392 Pleading  
      78k1394 k. Complaint in General. Most Cited Cases

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations; additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. 42 U.S.C.A. § 1983.

**[6] Constitutional Law 92 ⇐ 91**

92 Constitutional Law  
  92V Personal, Civil and Political Rights  
    92k91 k. Right of Assembly and Petition. Most Cited Cases

**Constitutional Law 92 ⇐ 272(2)**

92 Constitutional Law  
  92XII Due Process of Law  
    92k256 Criminal Prosecutions  
      92k272 Execution of Sentence  
        92k272(2) k. Imprisonment and Incidents Thereof. Most Cited Cases

Denial of access to legal documents may constitute a violation of a prisoner's First Amendment right to petition the courts and/or Fourteenth Amendment due process rights. U.S.C.A. Const.Amends. 1, 14.

**[7] Civil Rights 78 ⇐ 1094**

78 Civil Rights  
  78I Rights Protected and Discrimination Prohibited in General  
    78k1089 Prisons  
      78k1094 k. Access to Courts. Most Cited Cases

Allegations that correctional officer located and returned legal documents to prisoner failed to state a § 1983 claim against officer for denial of access to legal documents. U.S.C.A. Const.Amends. 1, 14; 42 U.S.C.A. § 1983.

**[8] Prisons 310 ⇐ 4(13)**

310 Prisons  
  310k4 Regulation and Supervision  
    310k4(10) Access to Courts and Public Officials  
      310k4(13) k. Law Books and Law Libraries, Legal Materials, and Opportunity for Legal Work. Most Cited Cases

Prison authorities are required to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law; however, all that is required is that prisoner have at least access to a prison paralegal or paging system by which to obtain legal materials. U.S.C.A. Const.Amends. 1, 14.

**[9] Sentencing and Punishment 350H ⇐ 1532**

350H Sentencing and Punishment  
  350HVII Cruel and Unusual Punishment in General  
    350HVII(H) Conditions of Confinement  
      350Hk1532 k. In General. Most Cited Cases

A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)
(Cite as: --- F.Supp.2d ----)

Page 3

such that it deprives an **inmate** of the minimal civilized measure of the necessities of life. U.S.C.A. Const.Amend. 8.

[10] Prisons 310 ⚖︎17(3)

310 Prisons
　　310k17 Maintenance and Care of Prisoners
　　　　310k17(3) k. Food and Clothing. Most Cited Cases

**Sentencing and Punishment 350H ⚖︎1539**

350H Sentencing and Punishment
　　350HVII Cruel and Unusual Punishment in General
　　　　350HVII(H) Conditions of Confinement
　　　　　　350Hk1539 k. Sanitation. Most Cited Cases
Serving prisoner's breakfast without "protective headgear" did not deprives an prisoner of his Eighth Amendment rights. U.S.C.A. Const.Amend. 8.

Serving prisoner's breakfast without "protective headgear" did not deprives an prisoner of his Eighth Amendment rights. U.S.C.A. Const.Amend. 8.

[11] Prisons 310 ⚖︎13(4)

310 Prisons
　　310k13 Custody and Control of Prisoners
　　　　310k13(4) k. Particular Violations, Punishments, and Deprivations; Use of Force. Most Cited Cases

**Sentencing and Punishment 350H ⚖︎1548**

350H Sentencing and Punishment
　　350HVII Cruel and Unusual Punishment in General
　　　　350HVII(H) Conditions of Confinement
　　　　　　350Hk1548 k. Use of Force. Most Cited Cases
Prisoner failed to state **excessive force** or **failure to protect** claim against **correctional officers** under Eighth Amendment; prisoner alleged that defendant officer told **guard** to write a false report against prisoner and allowed **guard** to taunt prisoner and bump him with a cart when prisoner was handcuffed and shackled, and that other defendant ordered a shakedown of his cell after he refused to allow a security count. U.S.C.A. Const.Amend. 8.

Prisoner failed to state **excessive force** or **failure to protect** claim against **correctional officers** under Eighth Amendment; prisoner alleged that defendant officer told **guard** to write a false report against prisoner and allowed **guard** to taunt prisoner and bump him with a cart when prisoner was handcuffed and shackled, and that other defendant ordered a shakedown of his cell after he refused to allow a security count. U.S.C.A. Const.Amend. 8.

[12] Prisons 310 ⚖︎17(4)

310 Prisons
　　310k17 Maintenance and Care of Prisoners
　　　　310k17(4) k. Protection from Violence. Most Cited Cases

**Sentencing and Punishment 350H ⚖︎1537**

350H Sentencing and Punishment
　　350HVII Cruel and Unusual Punishment in General
　　　　350HVII(H) Conditions of Confinement
　　　　　　350Hk1537 k. Protection from Violence. Most Cited Cases
To prevail on an Eighth Amendment **failure to protect** claim, a prisoner is required to show that (1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to **inmate** health or safety. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.

To prevail on an Eighth Amendment **failure to protect** claim, a prisoner is required to show that (1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to **inmate** health or safety. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.

[13] Prisons 310 ⚖︎17(2)

310 Prisons
　　310k17 Maintenance and Care of Prisoners
　　　　310k17(2) k. Medical and Mental Care. Most Cited Cases

**Sentencing and Punishment 350H ⚖︎1546**

350H Sentencing and Punishment
　　350HVII Cruel and Unusual Punishment in

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)
(Cite as: --- F.Supp.2d ----)

Page 4

General
    350HVII(H) Conditions of Confinement
        350Hk1546 k. Medical Care and Treatment. Most Cited Cases
A prison official is deliberately indifferent to a prisoner's serious medical need if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. U.S.C.A. Const.Amend. 8.

A prison official is deliberately indifferent to a prisoner's serious medical need if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. U.S.C.A. Const.Amend. 8.

[14] Constitutional Law 92 &#9758;272(2)

92 Constitutional Law
    92XII Due Process of Law
        92k256 Criminal Prosecutions
            92k272 Execution of Sentence
                92k272(2) k. Imprisonment and Incidents Thereof. Most Cited Cases
Requirements of due process in prison disciplinary hearings are that an inmate is entitled to (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals. U.S.C.A. Const.Amend. 14.

[15] Constitutional Law 92 &#9758;272(2)

92 Constitutional Law
    92XII Due Process of Law
        92k256 Criminal Prosecutions
            92k272 Execution of Sentence
                92k272(2) k. Imprisonment and Incidents Thereof. Most Cited Cases
A right to appeal disciplinary convictions is not within the narrow set of due process rights afforded a prisoner. U.S.C.A. Const.Amend. 14.

[16] Constitutional Law 92 &#9758;272(1)

92 Constitutional Law
    92XII Due Process of Law
        92k256 Criminal Prosecutions
            92k272 Execution of Sentence
                92k272(1) k. In General. Most Cited Cases
Due Process Clause confers no liberty interest in freedom from state action taken within the sentence imposed. U.S.C.A. Const.Amend. 14.

[17] Constitutional Law 92 &#9758;272(2)

92 Constitutional Law
    92XII Due Process of Law
        92k256 Criminal Prosecutions
            92k272 Execution of Sentence
                92k272(2) k. Imprisonment and Incidents Thereof. Most Cited Cases
State created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. U.S.C.A. Const.Amend. 14.

[18] Constitutional Law 92 &#9758;272(2)

92 Constitutional Law
    92XII Due Process of Law
        92k256 Criminal Prosecutions
            92k272 Execution of Sentence
                92k272(2) k. Imprisonment and Incidents Thereof. Most Cited Cases

Prisons 310 &#9758;13(5)

310 Prisons
    310k13 Custody and Control of Prisoners
        310k13(5) k. Segregation and Solitary Confinement; Classification. Most Cited Cases
Neither Delaware law nor Department of Corrections regulations created a due process liberty interest in a prisoner's classification within an institution. U.S.C.A. Const.Amend. 14; Del.Code. Ann. tit. 11, § 6529(e).

Neither Delaware law nor Department of Corrections regulations created a due process liberty interest in a prisoner's classification within an institution. U.S.C.A. Const.Amend. 14; Del.Code. Ann. tit. 11, § 6529(e).

[19] Constitutional Law 92 &#9758;272(2)

92 Constitutional Law
    92XII Due Process of Law
        92k256 Criminal Prosecutions
            92k272 Execution of Sentence
                92k272(2) k. Imprisonment and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----  
--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)  
(Cite as: --- F.Supp.2d ----)

Page 5

Incidents Thereof. Most Cited Cases

**Prisons 310 🗝 13(5)**

310 Prisons
    310k13 Custody and Control of Prisoners
        310k13(5) k. Segregation and Solitary Confinement; Classification. Most Cited Cases
Placement of prisoner in isolation for no more than two months at a time did not implicate a liberty interest protected by due process. U.S.C.A. Const.Amend. 14.

Placement of prisoner in isolation for no more than two months at a time did not implicate a liberty interest protected by due process. U.S.C.A. Const.Amend. 14.

**[20] Prisons 310 🗝 13(6)**

310 Prisons
    310k13 Custody and Control of Prisoners
        310k13(6) k. Disciplinary, Classification, and Grievance Proceedings; Composition of Tribunal. Most Cited Cases
Prisoner could not maintain constitutional claims based upon an inadequate grievances system, that grievances were denied, that he was not provided a hearing upon the filing of a grievance, or that his grievances were not addressed.

**[21] Prisons 310 🗝 13(6)**

310 Prisons
    310k13 Custody and Control of Prisoners
        310k13(6) k. Disciplinary, Classification, and Grievance Proceedings; Composition of Tribunal. Most Cited Cases
Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, that right is not compromised by the failure of prison officials to address those grievances because **inmates** do not have a constitutionally protected right to a grievance procedure; furthermore, existence of a grievance procedure does not confer prison **inmates** with any substantive constitutional rights. U.S.C.A. Const.Amend. 14.

**[22] Prisons 310 🗝 13(6)**

310 Prisons
    310k13 Custody and Control of Prisoners
        310k13(6) k. Disciplinary, Classification, and Grievance Proceedings; Composition of Tribunal. Most Cited Cases
Failure of a prison official to provide a favorable response to an **inmate** grievance is not a federal constitutional violation.

**[23] Sentencing and Punishment 350H 🗝 1550**

350H Sentencing and Punishment
    350HVII Cruel and Unusual Punishment in General
        350HVII(H) Conditions of Confinement
            350Hk1550 k. Prison Discipline. Most Cited Cases
In order for a disciplined prisoner to succeed on an Eighth Amendment claim for denial of "privileges," prisoner must show that the deprivation at issue is sufficiently serious and that the prison official was deliberately indifferent to his plight. U.S.C.A. Const.Amend. 8.

**[24] Prisons 310 🗝 13(4)**

310 Prisons
    310k13 Custody and Control of Prisoners
        310k13(4) k. Particular Violations, Punishments, and Deprivations; Use of Force. Most Cited Cases

**Sentencing and Punishment 350H 🗝 1550**

350H Sentencing and Punishment
    350HVII Cruel and Unusual Punishment in General
        350HVII(H) Conditions of Confinement
            350Hk1550 k. Prison Discipline. Most Cited Cases
Denial of disciplined prisoner's television privileges did not give rise to an Eighth Amendment claim since television privileges did not constitute necessities; additionally, failure to serve brand name cereals and cold fresh water during meal time were not Eighth Amendment violations. U.S.C.A. Const.Amend. 8.

Denial of disciplined prisoner's television privileges did not give rise to an Eighth Amendment claim since television privileges did not constitute necessities; additionally, failure to serve brand name cereals and cold fresh water during meal time were not Eighth Amendment violations. U.S.C.A. Const.Amend. 8.

**[25] Prisons 310 🗝 13(5)**

310 Prisons
    310k13 Custody and Control of Prisoners

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2006 WL 3190344 (D.Del.)
(Cite as: --- F.Supp.2d ----)

Page 6

310k13(5) k. Segregation and Solitary Confinement; Classification. Most Cited Cases
Prisoners have no legitimate statutory or constitutional entitlement to any particular custodial classification even if a new classification would cause that **inmate** to suffer a grievous loss. U.S.C.A. Const.Amend. 14; Del.Code Ann. tit. 11, § 6529(e).

[26] Constitutional Law 92 ⚖︎272(2)

92 Constitutional Law
   92XII Due Process of Law
      92k256 Criminal Prosecutions
         92k272 Execution of Sentence
            92k272(2) k. Imprisonment and Incidents Thereof. Most Cited Cases

Constitutional Law 92 ⚖︎277(1)

92 Constitutional Law
   92XII Due Process of Law
      92k277 Property and Rights Therein Protected
         92k277(1) k. In General. Most Cited Cases

Prisons 310 ⚖︎13(5)

310 Prisons
   310k13 Custody and Control of Prisoners
      310k13(5) k. Segregation and Solitary Confinement; Classification. Most Cited Cases
Delaware prisoner had no due process property or liberty interest in prison classification program or his housing assignment nor could his assignment to special housing unit be viewed as falling outside the scope of the sentence imposed upon him or otherwise violative of the Constitution. U.S.C.A. Const.Amend. 14; Del.Code Ann. tit. 11, § 6529(e).

Delaware prisoner had no due process property or liberty interest in prison classification program or his housing assignment nor could his assignment to special housing unit be viewed as falling outside the scope of the sentence imposed upon him or otherwise violative of the Constitution. U.S.C.A. Const.Amend. 14; Del.Code Ann. tit. 11, § 6529(e).

[27] Constitutional Law 92 ⚖︎215

92 Constitutional Law
   92XI Equal Protection of Laws
      92k214 Discrimination by Reason of Race, Color, or Condition
         92k215 k. In General. Most Cited Cases
An official act is not unconstitutional under Equal Protection Clause solely because it has a racially disproportionate impact. U.S.C.A. Const.Amend. 14.

[28] Civil Rights 78 ⚖︎1395(7)

78 Civil Rights
   78III Federal Remedies in General
      78k1392 Pleading
         78k1395 Particular Causes of Action
            78k1395(7) k. Prisons and Jails; Probation and Parole. Most Cited Cases
Prisoner failed to state an equal protection claim based on allegation that majority of the **inmates** in special housing unit were black where he failed to allege intentional or purposeful discrimination. U.S.C.A. Const.Amend. 14; 42 U.S.C.A. § 1983.

Kevin L. Dickens, Smyrna, DE, pro se.

MEMORANDUM OPINION

FARNAN, District J.

\*1 Plaintiff Kevin L. Dickens, an **inmate** at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I.4.) Although the Complaint was filed in 2004, service has not taken place for a number of reasons, most notably confusion over the filing of multiple Amended Complaints. On July 27, 2006, Plaintiff advised the Court that he wished to proceed on the original Complaint. (D.I.29, 30.)

For the reasons discussed below, the Court will dismiss the conditions of confinement claim in Count A brought against Defendants C/O Neal and C/O Jackson; the false disciplinary report (due process) claim in Count A brought against Defendants Sgt. Moran and Sgt. Evans; the access to court claim in Count A brought against Defendant Cpl. Kromka; the **failure** to **protect** claim in Count A brought against Defendant Staff Lt. Burton; the grievance claim in Count A brought against Defendants Major Cunningham and Capt. Belinger; the general access to the courts (law library) claim in Count C; the **excessive force** claim in Count D brought against Defendants Lt. Stanton and Sgt. Evans; the **failure** to **protect** claim in Count D brought against Deputy Warden McGuigan; the due process claims in Count D brought against Bureau Chief Paul Howard and Commissioner Stan Taylor; Counts E and F of the Complaint; and the claims against Defendants Delaware Center for Justice, Shakeerhah Haikal, Ms. Havel, Joe Hudson, Institutional Base Classification

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.