※ IN THE "UNITED" STATES "DISTRICT" COURT ※

※ FOR THE "DISTRICT OF" DELAWARE            ※

CURTIS M. COLLINS              ※            CIVIL No. 105-739-SLR

            P.L.T.F              ※            JURY TRIAL REQUESTED

            V.                   ※

WARDEN RICK KEARNEY, ET AL. ※

            D.E.F.T.


                    "
            PLAINTIFF'
ANSWERING" BRIEF"



                              CURTIS M. COLLINS

                        SMYRNA, DELAWARE' D.E.P.T. OF

                    CORRECTION" IL '81, PADDOCK' ROAD
                                    21
DATED:                    BIN. BAG. # C-U-3#
12-27-06                              1999

IN THE UNITED STATES DISTRICT COURT

✳ FOR THE DISTRICT OF DELAWARE ✳

CURTIS M. COLLINS )
PL )
          v. )          CIV. NO. 05-739-S.L.R.
                        )
WARDEN RICK KEARNEY )
DF          ET/AL )
                        )
                        )
                        )

# TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDINGS . . . P/4

SUMMARY OF THE ARGUMENT . . . .          P/5

STATEMENT OF THE FACTS . . . . . . .          P/6

ARGUMENTS . . . . .          P/7

SICK CALL SERVICES . . . .

DEFENDANTS, ANSWER, TO THE COMPLAINT

STATE DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT

DEPOSITION QUESTION Nancy Rebeschini

& DISCOPHIONARY

OPENION BRIEF

3 #

IN THE UNITED STATES DISTRICT COURT

* FOR THE DISTRICT OF DELAWARE *

CURTIS M. COLLINS )
PL
    V. )   CIV. NO. 05-739-S.L.R.

WARDEN RICK KEARNEY )
DF   ET/AL )

     )

     )

     )

TABLE OF CITATION

CASEY, BRACRY v. grenchir 494-E-2D-566 #

BYRD v. BRESHKE 466-E-2D-6 #

COLLINS v. Brown 268 # F Supp-198

CURTIS v. everett 489-F.2D-516 #

DAVIDSON v. DIXON 386 F. Supp 482 #

DOKE v. ARCO Chemical Co. 921-F.2D. 184 #

HUDSON 112 S.CT~995

LOMPERT v. RENOID METAL Co. 372-F.2D.216 #

LANDMAN v. ROYSTER 354 F. Supp 1302

MONROE v. POPE 81 S.CT. 173 #

NUSSLE v. PORTER 122 S.CT. 983 #

POPOW v. MARGKT 176 F. Supp 1237 #

WRIGHT v. MC MANN 460 F.2D-126

CONSTITUTIONAL PROVISION

8 # AMENDMENT / 14 # Amendment

Summary Argument

3

Number 2# OFFICER Berezansky, and OFFICER DAESRY DID USE EXCESSIVE
FORCE on mr. COLLENS, mr COLLENS CAN Prove THIS WITH HIS WITNESSES
THAT WILL TESTIFY IN TRIAL
. . . . . . . . . .

Page 3#

Number 3# SGT, CHANDLER CAN BE HELD ACCOUNTABLE FOR HIS DISREGARDING
BECAUSE THAT MR. COLLENS CAME TO SGT CHANDLER TO GET THE PROBLEM
RESOLVE THAT MR COLLENS WAS HAVE IN C/O BEREZANSKY AND THIS SGT,
CHANDLER WASN'T DOING HIS JOB AS A SERGEANT VIOLATED THE
PRISONER RIGHT/AMENDMENT

Page 3#

Number 4# COLLENS WAS NOT TREATED FOR TWO FRACTUR RIB
            THE ONLY TIME THAT MR COLLENS WAS SOME WHAT TREATED
            FOR FRACTURE RIB WAS ON 9-22-05 WHEN DOCTOR BURNS TOLD ME
            COLLENS ON THAT DATE 9-22-05 THAT HE HAD FRACTUR RIBS

4 #

\* DISTRICT COURT OF DELAWARE \*

## • NATURE AND STAGE OF THE PROCEEDING •

On Aug 6, 05

The Plaintiff Curtis M. Collins had entered the main chow hall at breakfast time where at the S.C.I. center located in Georgetown, Del, Mr. Collins asked others inmates already seated at the table to slide down so he could set down to eat, at which the time C/o Berezansky told Mr. Collins "to shut the Fuck up" and throw your fucking food tray away', Mr. Collins asked C/o Berezansky why he had to throw away his food tray C/o Berezansky Responded there no talken in the chow hall, Mr. Collins was not haven a conversation with another inmate he was just simply trying to get a place to set so he could eat his food, Mr. Collins then use the chain of command Rank in which he ask Sgt Chandler why that he couldn't finish, his meal, Sgt Chandler did'nt Respond to Mr. Collins dump, his food tray, As Mr. Collins was departen from the chow hall C/o Berezansky made a wise comment directed to Mr. Collins, then Mr. Collins Turned around to hear what C/o Berezansky had to say in case he was gave me another direct order C/o Berezansky came chargin at Mr. Collins and punched Mr. Collins in the face in the chow hall then hand cuffi Mr. Collins then pepper spray Mr. Collins with two cans then the rest of the C/o staff got involved and maleciously, assault Mr. Collins, member from S.C.I. medical staff Refuse to look at Mr. Collins injuries she told Mr. Collins to stop crying like a little Bitch Mr. Collins went 40 days without Recieving proper

NATURE : PROCEEDINGS

P PH
P4

﹡ DISTRICT COURT ﹡

MEDICAL TREATMENT. SINCE THEN X-RAYS WERE TAKEN
OF MR COLLINS RIBS THAT DISPLAYED HIS RIBS
WAS SERIOUSLY FRACTURED, MR COLLINS WAS REFUSE
COPIES OF HIS MEDICAL REPORT BY THE DOCTOR AT
S.C.I CORRECTIONAL CENTER DEL,

# ✳SUMMARY OF THE FACTS✳

Delaware D.e.p.T. of correction" has a Dietitian who puts Together a menu on which an inmate will recieve all proper nutritious, D.e.pt of correctionnal commissioner (Stanley Taylor) and S.C.I. correctionnal Instituition warden Rick Kearney supports their correctionnal officer to violate inmates Fourteenth Amendment Right To Due process under civil Right act by permitting the correctionnal officer to order an inmate to dump their food tray and not providing the Required Required food nutrent design by the Dietitianer

PAGE 5#

~~STATEMENT OF THE FACTS~~

COLLINS DEPOSITION 13:18-11 CLAIM THAT I HAVE A HISTORY
OF DISCIPLINARY PROBLEMS WHEN IT CAME TO MEAL
ON TWO OCCASIONS I DONT RECALL KNOW WRITE UP IN SMYRNA
DEL. CHOW HALL PLEASE SHOW THE WRITE UP

DURING ONE MEAL AN OFFICER HAD DISMISSED THE CHOW HALL
AND COLLINS CONTINUE TO SIT DOWN AND EAT AFTER BEING TOLD
IT WAS TIME TO LEAVE COLLINS REPLIED FUCK YOU
THAT IS A OUT RIGHT LIAR FALSE" WHAT THE PRISON' MAKING
FALSE WRITE UPS ON ME NOW!

I, REMEMBER THAT I HAD A WRITE UP IN MEDIUM SECURITY
FROM SAMUEL, HASTINGS WROTE ME UP FOR DISORDERLY THREATENING
BEHAVIOR BECAUSE HE LIKES TO TALK ABOUT PEOPLE MOTHER
AND MY MOTHER HAD PASS AWAY A WHILE BACK AND I DONT
LIKE NOBODY TO TALK ABOUT MY mom SAMUEL, HASTINGS DONT
EVEN KNOW MY mom I GAVE A SYRUP TO ANOTHER INMATE
IN THE CHOW HALL BECAUSE HE DID NOT HAVE ANY SO
SAMUEL SAID MY MOM THIS AND THAT SO I STATE FUCK YOU
BUT IT NOT LIKE THE WAY MS TROSS PUT IT IN HER WRITINGS
I WILL SEND THE ORIGINAL WRITE UP,

PAGE 6#

I WAS NOT TALKING TO SOMEONE AT ANOTHER TABLES
I WAS SPEAKING TO SOMEONE AT THE SAME TABLES
TO SLIDE DOWN SO THAT I CAN SIT DOWN TO EAT A MEAL
AND I DO HAVE PROFF' MY WITNESSE WILL TELL THE COURTS
I JUST NOW FOUND OUT WHO I WAS TELLIN TO SLIDE DOWN' he
IS ALSO hear IN SMYRNA NATEDANIEL, Smith" ALSO Claims That
C/O BEREZANSKY ASSAULTED HIM IN-PRE-TRIAL-AT S.C.I.

STATE OF THE FACT

Page 7#

COLLINS FOR INJURIES THE NURSE HELEN FOUND NO NOTED INJURIES NO NOTED BRUISING SHE, DIDN'T ELAMENT ME AT ALL HOW IS NURSE GOING TO SEE IF THERE WAS ANY BRUISING I WAS IN HANDCUFFS, AND SHE NEVER LIFT UP MY T-SHIRT TO CHECK MY RIBS OUT AND BESIDES THAT THERE WAS KNOW BRIGHT LIGHT IN A.S.D.A HOLDING ROOM THATS WERE SHE CAME TO SEE ME A.S.D.A HOLDING ROOM, AND SHE STOOD BACK FROM ME ABOUT TEN FEET AND SAID TO ME STOP CRYING LIKE A LITTLE BITCH " THEN THE C/OS TOOK ME TO A.S.D.A 1ST AND I HAVE ANOTHER WITNESSES THAT WILL TESTIFY ON THE NURSE SO ALL OF THAT MOVE MY FINGER FREELY IS A FALSE STATEMENT "

Page 16# OFFICER BEREZANSKY TOLD COLLINS TO EITHER STOP TALKING IN THE CHOW HALL OR DUMP HIS TRAY THAT IS A OUT RIGHT LIE AND I HAVE MY WITNESSES

Page 16 THAT, COLLINS SUFFERED A FRACTURED RIBS PRIOR TO THE 8-6-05 INCIDENT AS A RESULT OF WORKING OUT THAT DIDN'T TRANSPIRE LIKE THAT, AND I NEVER HAD A HISTORY OF, SUICIDAL ATTEMPS AND THE INJURY DID NOT COME FROM COLLINS DISORDERLY ACTION THE INJURY CAME FROM CORRECTIONAL OFFICER PUNCHING AND KICKING MR.COLLINS

PAGE 18     COLLINS DID NOT LUNG TOWARDS OFFICER BEREZANSKY

WHY WOULD I LUNG AT A HUGE PERSON THATS IS 6 FOOT 5"
AND WEIGHT AT 387 POUNDS OFFICER BEREZANSKY
CHARGE AT MR COLLINS AND I HAVE ABOUT 15" WITNESSES
THAT IS WILLING TO TESTIFY

PAGE 18-9

SGT CHANDLER, DID LAUGH AT MR. COLLEN I HAVE ALL
THE KITCHEN WORKER THAT WILL VERIFY THIS
COLLINS HAD NOT JUST BEEN CAPSTUNNED STUNNED COLLINS
WAS IN HANDCUFFS FIRST THAN CAPSTUNNED, STUNNED
AND THEN ASSAULTED BY THE %'S MY HEAD WAS FACE DOWN
BUT I CAN SEE JUST LITTLE, BIT FROM THE CORNER OF MY
EYES

PAGE 20     8-8-05 TWO DAYS AFTER THE INCIDENT COLLINS
RECEIVED AN X-RAY EXAMINATION OF, HIS RIBS BY
DR. MAHENDRA, PAREKH OF' MID DELAWARE IMAGING ON
AUGUST 10 - 05 - ONLY FOUR DAYS AFTER THE INCIDENT
I DID, NOT HAVE A EX-RAY, FOUR-DAYS AFTER THE INCIDENT
I WAS SCHEDULE FOR A EX-RAY FOUR DAYS AFTER
THE INCIDENT I HAD MY EX-RAYS DONE ON 8-17-05
ELEVEN DAYS AFTER THE INCIDENT WHAT S.C.I.
IS TEMPERING WITH THE EX-RAYS" DATES NOW!

PLEASE LOOK AT THE PHYSICIAN ORDER IN THE PLAINTIFF
APPENDIX YOU WILL SEE THE PLAINTIFF EX-DONE ON
-8-17-05

~~STATE OF FACTS~~

Page 18

COLLENS DID NOT LUNG TOWARDS C/O BEREZANSKY

WHY WOULD I LUNG A HUGE 363 POUNDS MAN.

COLLENS ALSO HAVE ALL THE KITCHEN WORKENS

THAT WERE ATTACK WHEN C/O BEREZANSKY CHARGE AT MR COLLINS

AND PUNCH MR COLLENS EN THE FACE" MR COLLINS

HAVE ALL THE KITCHEN WORKEN AND SOME OF THE

INMATES WILL TESTIFY EN COURT" BOBBY PRICE"

DONNEL DAVIS, INMATES THAT WAS WORKENG EN THE

S.C.I. CHOW HALL AT THE TIME OF THE BRUTAUL

ASSAULT TOOK PLACE

CERTIFICATE OF SERVICE

I CURTIS COLLINS hereby CERTIFY
THAT ON 12-21-06
I CAUSED A TRUE AND CORRECT COPY OF THE
ANSWERING BRIEF ATTACHED WAS
HANDED TO A D.C.C. CORR/CENTER
TO PLACE IN A D.C.C. U.S. MAILING SYSTEM
TO FORWARD TO:

D.O.F.T, COUNSEL
ERICKA Y. TROSS
DEPUTY ATTORNEY GENERAL
D.O.E.P.T. OF JUSTICE,
CARVEL STATE b.l.D.g.
820th ST, FRENCH WILM, DEL
1980,

CLERK
UNITED STATES DISTRICT COURT
OF DELAWARE LOCK, BOX 18#
844 N KING ST WILM, DEL
19801-3570

RESPECTFULLY
CURTIS COLLINS
DEL/CORR/CENTER
SMYRNA DEL, 1181-PADDOCK ROAD



# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

CURTIS M. COLLINS,                    )
                                      )
              Plaintiff,              )
                                      )        C.A. No. 05-739-SLR
       v.                             )
                                      )
WARDEN RICK KEARNEY,                  )
SGT. JAMES CHANDLER, and              )
C/O BEREZINSKY,                       )
                                      )
              Defendants.             )

## DEFENDANTS' ANSWER TO THE COMPLAINT

COMES NOW, the Defendants Warden Rick Kearney, Sgt. James Chandler, and Officer Bradley Berezansky (the "Defendants"), by and through their undersigned counsel, and hereby respond to the Complaint of Plaintiff Curtis M. Collins ("Collins" or "Plaintiff"), dated October 18, 2005 and filed October 21, 2005 (D.I. 2) (the "Complaint"). The Complaint is not formatted in paragraphs nor is it numbered. Therefore Defendants respond to the Complaint by sentence as follows:

## STATEMENT OF CLAIM AND ADDENDUM

Sentence No. 1:     The allegations of Sentence No. 1 of the Complaint that begin with, "Warden this person knows" are denied.

Sentence No. 2:     The allegations of Sentence No. 2 of the Complaint that begin with, "C/O Berezinsky punched" are denied.

Sentence No. 3:     The allegations of Sentence No. 3 of the Complaint that begin with, "Now comes the above" are denied.

Sentence No. 4:     Defendants admit that Plaintiff was talking during

breakfast. Defendants deny each and every allegation of Sentence No. 4 of the Complaint not specifically admitted herein.

Sentence No. 5:    The allegations of Sentence No. 5 of the Complaint that begin with, "Where as officer (Berezinksy)" are denied.

Sentence No. 6:    The allegations of Sentence No. 6 of the Complaint that begin with "The plaintiff asked officer" are denied.

Sentence No. 7:    The allegations of Sentence No. 7 of the Complaint that begin with "Now the Plaintiff understands" are admitted.

Sentence No. 8:    The allegations of Sentence No. 8 of the Complaint that begin with "However if officer" are denied.

Sentence No. 9:    The allegations of Sentence No. 9 of the Complaint that begin with, "Therefore officer wrongly" are denied.

Sentence No. 10:    Defendants admit that Plaintiff was ordered to dump his tray. By way of further response to the allegations of Sentence No. 10 of the Complaint, Defendants state that Plaintiff was ordered to dump his tray as a result of disobeying a direct order. Defendants deny each and every allegation of Sentence No. 10 not specifically admitted herein.

Sentence No. 11: The allegations of Sentence No. 11 of the Complaint that begin with, "So plaintiff obeyed" are denied.

Sentence No. 12: The allegations of Sentence No. 12 of the Complaint that begin with, "Then plaintiff approaches" are denied.

Sentence No. 13: The allegations of Sentence No. 13 of the Complaint that begin with, "So Sergeant Chandler" are denied.

Sentence No. 14:    The allegations of Sentence No. 14 of the Complaint that begin with, "As plaintiff was speaking" are denied. LᴄE ✓

Sentence No. 15:    The allegations of Sentence No. 15 of the Complaint that begin with, "So as plaintiff was leaving" are denied.

Sentence No. 16:    Defendants admit that Plaintiff turned around to face Officer Berezansky.  Defendants deny each and every allegation of Sentence No. 16 of the Complaint not specifically admitted herein.

Sentence No. 17:    The allegations of Sentence No. 17 of the Complaint that begin with "He came running" are denied.

Sentence No. 18:    The allegations of Sentence No. 18 of the Complaint that begin with "As plaintiff stood still" are denied.

Sentence No. 19:    The allegations of Sentence No. 19 of the Complaint that begin with "And to the best of my knowledge" are denied.

Sentence No. 20:    The allegations of Sentence No. 20 of the Complaint that begin with "Then they slammed" are denied.

Sentence No. 21:    Defendants admit that Plaintiff was sprayed with Capstun.   Defendants deny each and every allegation of Sentence No. 21 of the Complaint not specifically admitted herein.

Sentence No. 22:    Defendants admit that Plaintiff was placed in an ASDA cell.  Defendants deny each and every allegation of Sentence No. 22 of the Complaint not specifically admitted herein.

Sentence No. 23:    The allegations of Sentence No. 23 of the Complaint that begin with, "After complaining" are denied.

Sentence No. 24:     The allegations of Sentence No. 24 of the Complaint that begin with, "She said nothing" are denied.

Sentence No. 25:     Defendants admit that Plaintiff was placed in ASDA 1. Defendants deny each and every allegation of Sentence No. 25 of the Complaint not specifically admitted herein.

Sentence No. 26:     The allegations of Sentence No. 26 of the Complaint that begin with, "And plaintiff went approximately" are denied.

Sentence No. 27:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Sentence No. 27 of the Complaint that upon receiving medical attention Plaintiff had x-rays taken, and therefore deny same.

Sentence No. 28:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Sentence No. 28 of the Complaint that x-rays indicated Plaintiff had fractured ribs and that Plaintiff has several witnesses, and therefore deny same.

Sentence No. 29:     The allegations of Sentence No. 29 of the Complaint that begin with, "The plaintiff filed many" are denied.

Sentence No. 30:     The allegations of Sentence No. 30 of the Complaint that begin with, "Therefore there is no" are denied.

Sentence Nos. 31 - 35:     The allegations of Sentence Nos. 31 through 35 of the Complaint that begin with "The plaintiff has received" discuss remedies Plaintiff believes he is entitled to receive. Because these sentences do not contain any allegations or statements of claim no response by the Defendants is required. To the

extent a response is required Defendants deny the allegations of Sentence Nos. 31 through 35 and deny that Plaintiff is entitled to any relief.

   Sentence No. 36:  The allegations of Sentence No. 36 of the Complaint that begin with, "Not only has the Plaintiff" are denied.

   Sentence Nos. 37 - 39:  The allegations of Sentence Nos. 37 through 39 of the Complaint that begin with "The plaintiff's pain from the above" state legal conclusions to which no response is required.

## **RELIEF**

   Defendants deny that Plaintiff is entitled to any relief.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

   1.  The Complaint fails to state claims upon which relief may be granted.

   2.  The action and all claims are barred by Eleventh Amendment immunity.

   3.  As to any claims against the State or against Defendants in their official capacities, Defendants and the State are protected from liability by the doctrine of sovereign immunity.

   4.  The Defendants are entitled to qualified immunity.

   5.  As to any claims under state law, the Defendants are entitled to immunity under the State Tort Claims Act, 10 Del. C. §4001 *et seq.*

   6.  To the extent the Plaintiff seeks to hold Defendants liable based on supervisory responsibilities, the Doctrine of Respondeat Superior or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

7.    Defendants, in their official capacities, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

8.    This action and all claims are barred by the applicable statute of limitations.

9.    Plaintiff has failed to exhaust his administrative remedies.

10.    Defendants cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

11.    The Plaintiff's claims are barred by his contributory negligence.

12.    Insufficiency of service of process.

13.    Insufficiency of process.

14.    Lack of jurisdiction over the person and subject matter.

WHEREFORE, Defendants respectfully request the Court grant judgment in their favor and against the Plaintiff in all respects, and enter an Order (i) dismissing the Complaint in its entirety as to the Defendants; (ii) awarding Defendants their fees and costs; and (ii) granting such other and further relief as is just and proper.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**


*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street
Wilmington, DE 19801
(302) 577-8400
         Attorney for the Defendants

Dated: March 20, 2006

## CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on March 20, 2006, I caused a

true and correct copy of the attached *Defendants' Answer To The Complaint* to be served

on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT:**

Inmate Curtis M. Collins
SBI #00314128
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

/s/ Erika Y. Tross
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400

## Answers to Complaints

1:05-cv-00739-SLR Collins v. Kearney et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Tross, Erika Yvonne entered on 3/20/2006 at 12:33 PM EST and filed on 3/20/2006

**Case Name:**        Collins v. Kearney et al
**Case Number:**      1:05-cv-739
**Filer:**            Rick Kearney
                      James Chandler
                      Berezinsky
**Document Number:** 18

**Docket Text:**
ANSWER to Complaint by Rick Kearney, James Chandler, Berezinsky.(Tross, Erika)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/20/2006] [FileNumber=186782-0]
[135bf1034d6c854945a69c515e7a84dd16cdec2c5c0233669e6f5f618af5997b3268
afee16e273dd667fb9d2bf1585cff87f70f74a0b7a1b24db165d720b5033]]

**1:05-cv-739 Notice will be electronically mailed to:**

Erika Yvonne Tross     Erika.Tross@state.de.us

**1:05-cv-739 Notice will be delivered by other means to:**

Curtis M. Collins
SBI #314128
Delaware Correctional Center
SHU 17-DL-2
1181 Paddock Road
Smyrna, DE 19977

*2*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CURTIS M. COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 05-739-SLR |
| v. ) | |
| ) | Jury Trial Requested |
| WARDEN RICK KEARNEY, et al., ) | |
| ) | |
| Defendants. ) | |

### STATE DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT

COMES NOW, State Defendants Warden Rick Kearney, Sergeant James Chandler, Officer Bradley Berezansky, Officer Michael Milligan, Officer Jeffrey Daisey, and Officer Irvin Johnson (the "State Defendants"), by and through their undersigned counsel, and hereby respond to the Amended Complaint of Plaintiff Curtis M. Collins ("Collins" or "Plaintiff"), dated March 29, 2006 and filed May 12, 2006 (D.I. 20) (the "Amended Complaint"). The Amended Complaint is not formatted in paragraphs. Therefore, State Defendants respond to the Amended Complaint by sections as follows:

### Jurisdiction

The allegations of the "Jurisdiction" section of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required State Defendants specifically deny any wrongdoing.

### Previous Lawsuits

State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the "Previous Lawsuits" section of the Amended Complaint and, therefore, deny same.

**Exhaustion Pursuant to PLRA**

The allegations of the "Exhaustion Pursuant to PLRA" section of the Amended Complaint are denied.

**Statement of Claim**

Sentence No. 1:    The allegations of Sentence No. 1 of the "Statement of Claim" section of the Amended Complaint that begin with, "On 8-6-2005" are admitted.

Sentence No. 2:    State Defendants admit that Plaintiff was talking in the chow hall during breakfast.  State Defendants deny each and every allegation of Sentence No. 2 of the "Statement of Claim" section of the Amended Complaint not specifically admitted herein.

Sentence No. 3:    State Defendants admit that Plaintiff was ordered to dump his tray.  By way of further response to the allegations of Sentence No. 3 of the "Statement of Claim" section of the Amended Complaint, State Defendants state that Plaintiff was ordered to dump his tray as a result of disobeying a direct order.  State Defendants deny each and every allegation of Sentence No. 3 not specifically admitted herein.

Sentence No. 4:    State Defendants admit that Plaintiff was told that there is no talking in the chow hall.  State Defendants deny each and every allegation of Sentence No. 4 of the "Statement of Claim" section of the Amended Complaint not specifically admitted herein.

Sentence No. 5:    State Defendants admit that Plaintiff began talking to Sergeant Chandler after he was given a direct order to dump his tray.  State Defendants

deny each and every allegation of Sentence No. 5 of the "Statement of Claim" section of the Amended Complaint not specifically admitted herein.

Sentence No. 6:    The allegations of Sentence No. 6 of the "Statement of Claim" section of the Amended Complaint that begin with the words "Sgt. Chandler did not," are denied.

Sentence No. 7:    The allegations of Sentence No. 7 of the "Statement of Claim" section of the Amended Complaint that begin with the words "As Curtis was leaving," are denied.

Sentence No. 8:    State Defendants admit that Plaintiff turned around to face Officer Berezansky. State Defendants deny each and every allegation of Sentence No. 8 of the "Statement of Claim" section of the Amended Complaint not specifically admitted herein.

Sentence No. 9:    The allegations of Sentence No. 9 of the "Statement of Claim" section of the Amended Complaint that begin with the words "C/Os (Milligan), (Daisey) and (Irvin Johnson)," are denied. By way of further response, State Defendants state that Officer Milligan was not working at Sussex Correctional Institute on August 6, 2005. State Defendants further state that Officer Johnson was not working in the chow hall during breakfast on August 6, 2005.

Sentence No. 10:    The allegations of Sentence No. 10 of the "Statement of Claim" section of the Amended Complaint that begin with the words "Then they sprayed," are denied.

Sentence No. 11:    State Defendants admit that Plaintiff was placed in an ASDA cell. State Defendants deny each and every allegation of Sentence No. 11 of

the "Statement of Claim" section of the Amended Complaint not specifically admitted herein.

        <u>Sentence No. 12</u>:    State Defendants admit that Plaintiff was examined by a nurse on August 6, 2005.  State Defendants deny each and every allegation of Sentence No. 12 of the "Statement of Claim" section of the Amended Complaint not specifically admitted herein.

        <u>Sentence No. 13</u>:    The allegations of Sentence No. 13 of the "Statement of Claim" section of the Amended Complaint that begin with the words "She did no examination," are denied.

        <u>Sentence No. 14</u>:    State Defendants admit that Plaintiff was placed in ASDA 1.  State Defendants deny each and every allegation of Sentence No. 14 of the "Statement of Claim" section of the Amended Complaint not specifically admitted herein.

        <u>Sentence No. 15</u>:    State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Sentence No. 15 of the "Statement of Claim" section of the Amended Complaint that Plaintiff had x-rays taken which indicated his ribs were fractured, and therefore, deny same.

        <u>Sentence No. 16</u>:    State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Sentence No. 16 of the "Statement of Claim" section of the Amended Complaint that Plaintiff requested a copy of his x-rays and was told he could not have a copy, and therefore, deny same.

**Relief Requested**

State Defendants deny that Plaintiff is entitled to any relief.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1.    The Amended Complaint fails to state claims upon which relief may be granted.

2.    The action and all claims are barred by Eleventh Amendment immunity.

3.    As to any claims against the State or against State Defendants in their official capacities, State Defendants and the State are protected from liability by the doctrine of sovereign immunity.

4.    Officials and employees of the State of Delaware acting in good faith within the scope of their employment and without knowingly violating well established federal rights, are entitled to qualified immunity and cannot be held liable in this action.

5.    State Defendants, in their official capacities, are not liable for alleged violations of Plaintiff's constitutional rights as they are not "persons" within the meaning of 42 *U.S.C.* § 1983.

6.    As to any claims sounding in state law, the State Defendants are immune from liability under the State Tort Claims Act, 10 Del. C. §4001, *et seq.*

7.    To the extent the Plaintiff seeks to hold State Defendants liable based on supervisory responsibilities, the Doctrine of Respondeat Superior or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

8.    This action and all claims are barred, in whole or in part, by the

applicable statute of limitations or any other statutorily required administrative time requirement.

9.    Plaintiff has failed to exhaust his administrative remedies, including but not limited to, remedies pursuant to 42 *U.S.C.* § 1997a(e).

10.    State Defendants cannot be held liable in the absence of personal involvement for alleged constitutional deprivations.

11.    The Plaintiff's claims are barred by his contributory negligence.

12.    To the extent Plaintiff's claims sound in negligence, Plaintiff cannot state a cause of action under 42 *U.S.C.* § 1983.

13.    Plaintiff fails to state a claim against State Defendants for failure to train or for maintenance of wrongful customs, practices and policies.

14.    Plaintiff fails to state a claim against State Defendants for violation of the Eighth Amendment.

15.    Plaintiff's injuries were caused, in whole or in part, and/or exacerbated by a pre-existing condition which existed prior to the date of any alleged wrongful conduct by the State Defendants.

16.    Plaintiff's injuries and damages, if any, resulted from an intervening and superseding cause.

17.    Plaintiff's own conduct proximately caused and/or exacerbated his injuries, if any.

18.    Insufficiency of service of process.

19.    Insufficiency of process.

20.    Lack of jurisdiction over the person and subject matter.

WHEREFORE, State Defendants respectfully request the Court grant judgment in their favor and against the Plaintiff in all respects, and enter an Order (i) dismissing the Complaint in its entirety as to the State Defendants; (ii) awarding State Defendants their fees and costs; and (iii) granting such other and further relief as is just and proper.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**


*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
    Attorney for the State Defendants

Dated: October 31, 2006

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on October 31, 2006, I caused a true and correct copy of the attached *State Defendants' Answer To The Amended Complaint* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT:**

Inmate Curtis M. Collins
SBI #00314128
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

/s/ Erika Y. Tross
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400

66

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CURTIS M. COLLINS,              )
                               )
          Plaintiff,           )
                               )
          v.                   )  Civ. No. 05-739-SLR
                               )
WARDEN RICK KEARNEY, et al.,   )
                               )
          Defendants.          )

**CERTIFICATION**

At Wilmington this 9th day of November, 2006;

I, Nancy Rebeschini, Esquire, pro se law clerk, and designated officer for depositions upon written questions held before me on November 2, 2006, do here by certify that:

1.  The deposition of James Chandler was held on November 2, 2006, at 1:30 p.m., at the J. Caleb Boggs Federal Building, Wilmington, Delaware.

2.  On that same date, James Chandler declared before me, an individual authorized to administer oaths, that his written answers were true and correct.

3.  I read aloud each and every deposition question submitted by plaintiff, Curtis M. Collins, for deponent, James Chandler.

4.  I personally observed deponent, James Chandler, answer in writing, the deposition questions.

5.  A true and correct copy of the written questions filed by plaintiff, the original written answers of deponent, and

written original objections made by his counsel are attached
hereto and are filed with the court, and copies shall be served
upon the parties and the deponents.

    I, Nancy Rebeschini, certify under penalty of perjury that
the foregoing is true and correct.

    Executed this _____9th_____ day of November, 2006.

                               Nancy Rebeschini, Esquire,
                               Designated Officer

CERTIFICATE OF SERVICE

I hereby certify that on November 9 , 2006, I caused to be
electronically filed the attached Certification with the Clerk of
the Court using CM/ECF, which will send notification of such
filing to Erika Yvonne Tross, Esquire, counsel for defendants. I
further certify I caused a true and correct copy of the attached
Certification to be served via U.S. mail on plaintiff, Curtis M.
Collins, SBI #314128, Delaware Correctional Center, SHU 17-DL-2,
1181 Paddock Road, Smyrna, DE 19977.

Nancy Rebeschini, Esquire,
Designated Officer

Sgt

### Sgt. CHANDLER



THE PLAINTIFF" SEEN YOU WHILE HE WAS LAYING ON THE ground, AND I NOTICED THAT YOU WAS STANDING THERE LAUGHING YOU head'OFF AT THE SITUATION INSTEAD OF STOPPING UNFAIR TREATMENT TOWARDS A INMATE WHY THEN DIN'NT YOU "SGT" PUT A STOP TO WAS happening?

#② Sgt

HAVE YOU EVER SEEN OR HEARD A FELLOW OFFICERS LASH OUT AT A INMATE BECAUSE OF FAMILY PROBLEMS?

#③ Sgt. IS IT TRUE WHEN PLAINTIFF COLLINS CAME TO YOU ABOUT A UNPROFESSIONAL OFFICER'S BEREZANSKY BEING OUT OF CONTROL?

#④ Sgt.

IS IT TRUE THAT OFFICER BEREZANSKY RAN TOWARDS THE PLAINTIFF IN THE "Chowhall" AND ASSAULTED THE PLAINTIFF By punching THE PLAINTIFF IN THE FACE FOR NO REASON AT "ALL?

, Sg.T.

Sg.T. CHANTDLER

#⑤  IS IT THE TRUTH "WHEN AN INMATE "GET
SERIOUSLY" HURT, THEY MUST IMMEDIATELY
BE TAKEN TO MEDICAL IN ANY EMERGENCY
SITUATION?

#⑥  WHY THEN DID'NT YOU SEE THAT THE PLAINTIFF
GOT PROPPER MEDICAL TREATMENT?

#⑦#  Sg.T. IS IT TRUE YOU HAVE A PERSONAL VENDETTA
AGAINST" THE PLAINTIFF?  OR YOU JUST DONT
CARE ABOUT THE WELL BEING OF INMATES?

#⑧#  S.g.T
ALSO IS THE TRUTH THAT" S.C.I. IS A
REAL "RECAIL" PRISON?

#⑨  OK" FOR THE RECORD WITH ALL THESE SERIOUS
QUESTION THAT WAS' ASKED HERE TODAY WOULD
YOU BE WILLIN TO TAKE A BIG LIE
DETECTOR TEST!

#⑩  IS IT TRUE THAT ANY OFFICER WITH A
HIGH RANK IS TO TAKE CHARGE WITHOUT ANY
OFFICER WITHOUT NO RANK YOU WERE THE
ONLY HIGH RANK IN THE CHOWHALL WHY YOU
DIDNT YOU TAKE CHARGE OF THE SITUATION!

(1) It was impossible for the inmate to see me due to the fact that he was face down. Also Capstun had been used on him and this greatly impairs the vision. As to the question whether or not I was laughing is untrue J incorrect. By the time I got to the the back of the chow hall the Im (Curtis Collins) had already be sprayed and handcuffed at that time

(2) I don't discuss officers family problems with them so I would not know.

(3) No

(4) Inmate Collins was removed from his Chow hall due to his trying to incide others to a riot Im Collins was given a direct order by myself to exit the chow hall which he failed to do.

(5) Yes

(6) Im was taken to medical by the officer involved, cleared and placed in A holding cell.

(7) No

⑧ No

⑨ No

⑩ Because with three other officers involued in the situation. I was the only one left to watch the other 80 or so high security in mates that were still in the Chowhall at that time.

11-2-06

James R Chandler

Deposition of Sgt. Chandler                    11/2/06

1. No objection
2. Objection - irrelevant
3. Objection - unintelligible
4. Objection - compound question
5. No objection
6. Objection to form
7. Objection compound
8. Objection unintelligible
9. Objection
10. Objection unintelligible


Erika Y. Sirns #4506
Date: 11/2/06

*(64)*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CURTIS M. COLLINS,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          ) Civ. No. 05-739-SLR
                                  )
WARDEN RICK KEARNEY, et al.,      )
                                  )
            Defendants.           )

## CERTIFICATION

At Wilmington this *6th* day of November, 2006;

I, Nancy Rebeschini, Esquire, pro se law clerk, and designated officer for depositions upon written questions held before me on November 8, 2006, do here by certify that:

1.  The deposition of Bradley Berezansky was held on November 8, 2006, at 9:30 a.m., at the J. Caleb Boggs Federal Building, Wilmington, Delaware.

2.  On that same date, Bradley Berezansky declared before me, an individual authorized to administer oaths, that his written answers were true and correct.

3.  I read aloud each and every deposition question submitted by plaintiff, Curtis M. Collins, for deponent, Bradley Berezansky.

4.  I personally observed deponent, Bradley Berezansky, answer in writing, the deposition questions.

5.  A true and correct copy of the written questions filed by plaintiff, the original written answers of deponent, and

written original objections made by his counsel are attached hereto and are filed with the court, and copies shall be served upon the parties and the deponents.

I, Nancy Rebeschini, certify under penalty of perjury that the foregoing is true and correct.

Executed this ___9th___ day of November, 2006.

_Nancy Rebeschini_
Nancy Rebeschini, Esquire,
Designated Officer

CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2006, I caused to be
electronically filed the attached Certification with the Clerk of
the Court using CM/ECF, which will send notification of such
filing to Erika Yvonne Tross, Esquire, counsel for defendants.  I
further certify I caused a true and correct copy of the attached
Certification to be served via U.S. mail on plaintiff, Curtis M.
Collins, SBI #314128, Delaware Correctional Center, SHU 17-DL-2,
1181 Paddock Road, Smyrna, DE 19977.

Nancy Rebeschini, Esquire,
Designated Officer

C/o BEREZANSKY

1# IS IT TRUE THAT YOU "HAVE A hystory" OF CAPSTUNIG INMATES befor AND AFTER THEY are "HANNCUFFED AT S.C.I. PRISON

#2 IS IT TRUE THAT 90% OF YOUR DESCIPLINARY REPORTS ON INMATES ACCURE" AT CHOW TIMES FEEDING THE INMATES AT S.C.I. PRISON

#3 WORKING AS A CORRECTIONAL "OFFICER FOR THE STATE OF DELAWARE have YOU EVER BEEN PLACEN ON LEVE PENDING ANY INVESTAGATION Concerning ABUSE IN INMATE AT S.C.I. PRISON.

#4 WORKING AS A CORRECTIONAL OFFICER FOR THE STATE OF "DELAWARE" have YOU BEEN SUED By ANY "INMATES AT S.C.I. ACCUSEING YOU OF ABUSE OR THREATIN BEHAVIOR, IF SO COULD YOU PLEASE STATE FOR THE RECORD how MANY MEANY TIME'S YOU BEEN SUED OR ACCUSED OF INMATES ABUSE OF ANY OTHER THREATING BEHAVIORS by INMATES HOUSED AT S.C.I. PRISON.

5# IS IT TRUE THAT 82% PERCENT OF YOU DESCIPLINTARY REPORTS FEIEN ON INMATES ARE AFRICAN AMERICAN" INMATES AT S.C.I. PRISON

#6# C/o BEREZANSKY
IS IT'TRUE THAT OUT OF 90% PERCENT!
OF YOUR IN'COUNTER ARE"WITH"AFRICAN
AMERICAN "INMATES"RESOLVES"IN THEM
BEING ASSAULTED" By you CAPSTUN! by you
BEFOR AND AFTER" THE INMATES ARE ALREADY
IN HANDCUFFS.

# 7# Sir
    CAN'T YOU PLEASE TELL THE "COURTS WHY YOU
RAN MR. COLLINS IN THE Chow'hall AND"
    AT
ASSAULTED MR. COLLINS By Punchin MR. COLLINS
IN THE FACE INFRONT OF A BUNCH OF OTHER
INMATES IN THE S.C.I. chow hall

#8  IS IT TRUE THAT'YOUR JOB IS TO BE A
    PROFESSIONAL OFFICER'S

#9  WELL'CAN YOU PLEASE TELL THE COURT'S
    WHY YOU USED PROFANITY All THE TIMES
    WHEN TALKIN TO INMATES

# 10 # HAVE YOUR EVER BEEN ASSAULTED OR ABUSED
IN THE PASS by AN' AFRICAN AMERICAN
MALE"WHILE you were ONT OF UNIForm
OR IN UNIForm.

c/o Bradley Berezansky                                    11/08/06

1) No

2) No

3) No

4) Yes, once

5) I don't know! I don't keep track.

6) No

7) I was approached by you not the other way around. You lunged at me and were capstunned and taken to the ground and cuffed.

8) Yes

9) I don't use profanity all the time(s) while talking to inmates.

10) No


Bradley S. Berezansky

Deposition of Bradley Berezansky                    11/8/06

Objections:
1. Objection - Irrelevant
2. Objection - Irrelevant
3. No objection
4. Objection - Compound & Irrelevant
5. Objection - Irrelevant
6. Objection - Form
7. No objection
8. No objection
9. Objection - Form
10. Objection - Irrelevant


Erika Y. Tross (#4506)
Erika Y. Tross

Disciplinary# 4989

Date: 06/19/2005

**SCI Sussex Correctional Institution**
**PO Box 500**
**GEORGETOWN DE, 19947**
**Phone No. 302-856-5280**

# DISCIPLINARY REPORT

Disciplinary Type: Class1          Housing Unit: MULTI-SECURITY          IR#: 10557

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|------|-------------|------------|----------------------|------|------|
| 00314128 | Collins, Curtis M | SCI | MEDIUM | 06/17/2005 | 06:00 |

Violations: 1.05/200.225 ▓▓▓▓▓ (▓▓▓▓), 1.06/200.203 Disorderly or Threatening Behavior

Witnesses: 1. Hall, Shean          2. N/A          3. N/A

### Description of Alleged Violation(s)

I/M Collins Became Disorderly During Chow And Stated Fuck You . You Better Not Put Your Hands On Me In A Threatening Manner. Trying To Get Other Inmates Involved Or Come To His Aide. While On The Tier, He Again Stated Fuck You And You Better Not Put Your Hands On Me As If Trying To Provoke Others To Become Involved.

Reporting Officer: Hastings, Samuel (CO Corporal/Sgt. - Large Inst.)

### Immediate Action Taken

Immediate action taken by: Hastings, Samuel -CO Corporal/Sgt. - Large Inst.

N/A

### Offender Disposition Details

Disposition: N/A          Date: N/A          Time: N/A          Cell ... ured? No

Reason: N/A

Disposition Of Evidence: N/A

### Approval Information

Approved: ☑    Disapproved: ☐    Approved By: Truitt, George C (Shift Commander - Large Inst.)

Comments: N/A

### Shift Supervisor Details

Date Received:          Time:          Received From: __

Shift Supervisor Determination:

[ ]  Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[ ]  Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing

Truitt, George C (Shift Commander - Large Inst.)

I have received a copy of this notice on DATE:_____ TIME: _____ and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

Preliminary Hearing
Officer:                                        Offender:

                                                Collins, Curtis M

UNITED   STATES   DISTRICT   COURT

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . PAGE 3

NATURE AND STAGE OF PROCEEDINGS . . . . . . . PAGE 4

SUMMARY OF THE FACTS                          PAGE 5

STATEMENT OF FACTS . . . . . . . . . . .      PAGE 6

ARGUMENTS . . . . . . . . . . . .             PAGE 7

CONCLUSION . . . . . . . . . . .              PAGE 8

OPENIN
BRIEF

IN * DISTRICT * COURT * OF * DELAWARE
TABLE OF AUTHORITIES

CASES

BRACEY v. GRENOBLE 494-F.2D-566-

BYRD v. BRISHKE 466-F.2D-6

COLLINS v. BROWN 268-F.Supp-198

CURTIS v. EVERETT 189-F.2D-516

DAVIDSON v. DIXON 386 F.3upp 482

DOLE v. ARCO chemICAl Co. 921-F.2D-484

HUDSON 112 S.CT-995

LOMPERT v. RENOIR METAl Co. 372-F.2D-245

LANDMAN v. ROYSTER 354-F.Supp-1302

MONROE v. POPE 81-S,CT-473

NUSSLE v. PORTER 122-S,CT-983

POPOW v. MARGNT 476-F.Supp-1237

WRIGHT v. MC.mann 460 F.2D-126


Constitutional Provision
Eight Amendment
FOURTeenth AMENDMENT

PAGE 4#

# *NIATURE STAGE OF* PROCEEDINGS

On 8-6-2005 Plaintiff Curtis M. Collins entered The main chow hall at Breakfast time while at The sussex Correctional Center Located in Georgetown, De. He asked other inmates already seated at the Table to slide down so he could sit down to eat. at which time C/o Berezansky told Mr. Collins to "shut The Fuck up" and "Throw your fucking Food trey away" Mr. Collins asked C/o Berezansky why he had to throw away his food trey. C/o Berezansky responded There no talking in the chow Hall, Mr. Collins was not having a conversation with another inmate, he was simply trying to get a place vacated so he could eat his Food. Mr. Collins the use the chain of command rank in which he ask Sgt. Chandler why he couldn't finish his food. Sgt. Chandler didn't respond. Mr. Collins dumped his Food trey. As Mr. Collins was leaving the chow hall C/o Berezansky made a comment directed to Mr. Collins. Then Mr. Collins turned around in attempt to hear what C/o Berezansky said, C/o Berezansky punched Mr. Collins in his face. Then hand cuff and pepper spray Mr. Collins before the rest of the C/o staff of C/o Milligan, Daisey, Irvine Johnson maliciously assault Mr. Collins. When a member from SCI medical staff REFUSE to look at Mr. Collins injuries. She told Mr. Collins to "stop crying like a little Bitch." Mr. Collins went 47 days. Without recieving proper medical treatment. since then x-rays were taken of Mr. Collins ribs that displayed his ribs was fractured. Mr. Collins was refuse copies of

# ✳ NATURE ✳ STAGES ✳ PAGE 1
## OF PROCEEDINGS

his medical report by the doctor at
Sussex Correction Center in Georgetown, De

*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

*

CIVIL No. 105-739-S.L.R.

# STATEMENT OF THE FACTS

Delaware Department of Corrections has a dietitian, who puts together a menu in which an inmate will recieve all proper required nutritions.

Department of Corrections, Commissioner, Stanley Taylor and Sussex Correctional Institution, Warden, Rick Kearney support their correctional officer to violate Inmates Fourteenth Amendment right to due process under civil right act by permitting the correctional office to order Inmates to dump their food trey and not providing the required food nutrient design by the dietitians.

Excessive use of force, assault and battery, and verbal abuse violated Mr. Collins constitutionally protected rights in accordance with the Eighth Amendment of United States constitution, By physically Beaten Mr. Collins. The actions by the Correctional officers also violated the Fourteenth Amendment of United States Constitution, Equal Protection right.

When the medical staff failed to provide adequate medical attention it also violated Mr. Collins Eighth Amendment of United State constitution excessive cruel unusual punishment.

THE
STATE OF

# DELAWARE
# ARGUMENT

Delaware, Department of Correction, Commissioner, Stanley Taylor and Sussex Correctional Institution, Warden, Rick Kearney failure to control correctional officer with their knowledge of the correctional officers repetive use of excessive force constitute a de facto policy Popow v Margate 476 F. Supp 1237.

Delaware Department of Corrections has a history for using excessive force violating the eighth and fourteenth Amendment of United States Constitution Davidson v Dixon 386 F. Supp 482

All prisoner is entitle to be in an environment that's free from cruel and unusual Punishment under the eighth and Fourteenth Amendment Nussle vs. Porter 122 S.Ct 983.

This case should be ruled more by the merits then technicalities. The Department of Correction Control all Paper work. Commissioner, Stanley Taylor went under a major review for the neglect of Department of Correct Medical Staff. In that same error Mr. Collins was denied medical treatment also denied right to x-ray in his personal medical file. Dole v Arco Chemical Co. 921 F.2d 484

The Correctional Officers was maliciously and Sadistically when they hand cuff, sprayed

Page 7

# ARGUMENT CONT'I

two cans of pepper spray in Mr. Collins face. Then continue to beat Mr. Collins Hudson 112 S.Ct 995 when a prisoner is under control where the Correctional officers can't be harmed. Then continue to physcally hurt Mr. Collins that act violate Prisoner Fourteenth Amendment right to due process under civil right act Davidson v Dixon 386 F. Supp. 482.

Although it may appear that some Correctional officer didn't physcally beat Mr. Collins personally, they to share equal amount of responsibilty Because of their knowledge of event that took place even the medical staff that refuse Mr. Collins Proper treatment is equally responsible for Mr. Collins pain and suffering. Bracey v Grenoble 494 F.2d 566, Byrd v Brishke 466 F.2d 6, Landman v Royster 354 F. Supp 1302, Wright v McMann 460 F.2d 126

State Prisoners are entitle to recover for Physcal abuse of his body under civil right act Curtis v Everett 489 F.2d 516 In this kind of premeditate malicious assault punitive damages are appropiate Collins v Brown 268 F. Supp 198 Lampert v Renold Metal Co. 372 F.2d 245 Correctional officer are not elligable for sovereign immunity when they act unconstitutionally Monroe v Pope 81 S.Ct 473

\* DISTRICT COURT \*

\* CONCLUSION

MOREOVER" THE PLAINTIFF
BELIEVES THAT SUFFICIENT
EVIDENCE EXIST FOR THIS HONORABLE
COURT TO GRANT RELIEFS he REQUESTED.

RESPECTFULLY
Curtis Collins
DELAWARE CORRECTIONAL CENTER
#1181 #PADDOCK RD SMYRNA DELAWARE
19977

PAGE 9 #

CERTIFICATE OF SERVICE

I CURTIS M. COLLINS

hereby certify that

ON 11.30.06 _____ I CAUSED A TRUE AND CORRECT COPY OF THE

BREEP ATTACHED WAS HANDED TO A DCC, CORR, OFFICER TO PLACE

IN A DCC, U.S. MAILIN SYSTEM TO FORWARD TO:

DEFENDANTS COUNSEL
ERIKA Y. TROSS
DEPUTY ATTORNEY GENERAL
DE. PT. OF JUSTIC
CARVEL STATE BLDG
820th N. FRENCH St. WILM, DEl
19801

CLERK
PETER T. DALLEO
UNITED STATES DISTRICT COURT
OF DEl, LOCK BOX 18#
844 N. King St. WILM, DEl,
19801 - 3570 #

RESPECTFULLY SUBMITTED

CURTIS M. COLLINS
DEl, CORR, CENTER
1181 PADDOCK RD
SMYRNA DEl

IN" DISTRICT" COURT"

PAGE
# 11

PLAINTIFF" WITNESSES

Bobby PRICE M S B Kitchen WORKER
WILLIAM DEVONSHIRE S b I # 193813
John PAlmER SbI 194390
COLLINS ALSO have PLENTY MORE WITNESSES
that WERE" PRESENT ON 8-6-05 M S B chow hall

# EXHIBITS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CURTIS M. COLLINS

vs.

WARDEN RICK KEARNEY ET AL,

CIVIL No. 105-739-SLR.

PLAINTIFF APPENDIX

CARL C. DANBERG
ATTORNEY GENERAL
OF DEL, DEP.DT OF JUSTIC
CARVEL STATE B.L.D.g 820th
N. French St WILM, DEL
19 80,

RESPECTFULLY
CURTIS M. COLLINS
DELAWARE CORRECTIONAL CENTER
1181, PADDOCK ROAD SMYRNA DEL, 19977

DATE _____

"UNITED" STATES "DISTRICT" COURT

FOR THE DISTRICT OF DELAWARE

✳

✳ TABLE OF CONTENTS ✳

CIVIL No. 105-733-SLR.

U.S DISTRICT COURT" FILING AND JUDGMENTS "ORDER OTHER DOCUMENTS

DISCIPLINARY REPORTS" INCIDANT REPORTS PASE 1 TO 2

CONSULTATION REQUESTS   PASE 5

TWO FRACTURE RIBS PASE 6

PHYSICIANS ORDER ON 9-22-05 TO TELL THE PLAINTIFF THAT HE HAD BROKEN RIBS   PAGE 7

MRKY THERP - BIEDRS, R.T. ON X-RAYS RIBS   PASE 8

RIB BRKT ORDER PASE 9

FOOD MENU THE PRISON DICTITIANER REGULAR MEALS NEW PAPERS 10

PLAINTIFF WITNESSES   PASE 11

SCI Sussex Correctional Institution

Date: 08/06/2005

PAGE 1

GEORGETOWN DE, 19947

Phone No. 302-856-5280

# DISCIPLINARY REPORT

| Disciplinary Type: Class1 | Housing Unit: MULTI-SECURITY | | IR#: 11018 | | |
|---|---|---|---|---|---|

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|---|---|---|---|---|---|
| 00314128 | Collins, Curtis M | SCI | MULTI-SECURITY | 08/06/2005 | 06:00 |

Violations: 1.06/200.203 Disorderly or Threatening Behavior

Witnesses: 1. N/A          2. N/A          3. N/A

## Description of Alleged Violation(s)

On The Above Date And Time, I/M Collins, Curtis 00314128 Was Ordered To Lock In For Violating Chow Hall Rules And Regulation I/M Collins Was Ordered Twice To Dump His Tray. After Dumping The Tray, I/M Collins Yelled Curses At Myself (C/O Berezansk And Walked Towards Me With Clinched Fists And Teeth As To Want To Fight Me. I Capstuned Him, Took Him To The Ground Ar Cuffed Him And Took Him To Be Seen My Medical. Eor

Reporting Officer: Berezansky, Bradley  (Correctional Officer)

## Immediate Action Taken

Immediate action taken by: Berezansky, Bradley  -Correctional Officer

Ordered I/M Collins To Dump His Tray.

## Offender Disposition Details

Disposition: N/A          Date: N/A      Time: N/A      Cell secured?  No

Reason: N/A

Disposition Of Evidence: N/A

Received, Reviewed & Approved

## Approval Information

Approved: ☑    Disapproved: ☐    Approved By: Johnson, Joseph H (Staff Lt./Lt)

AUG 06 2005

Comments: Sent To Lt. J Isaacs

Watch Commander

Signature

## Shift Supervisor Details

Date Received: 8/8/05      Time: 0700    Received From: ___

Shift Supervisor Determination:

[ ]    Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X]    Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing

Johnson, Joseph H (Staff Lt./Lt)

I have received a copy of this notice on DATE: 8-9-05 _ TIME: 0255 and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

Preliminary Hearing Officer: LT. Joalsson

Offender: X _____
Collins, Curtis M

**SCI_Sussex Correctional Institution**
**PO Box 500**
**GEORGETOWN DE, 19947**
**Phone#: 302-856-5280**

Date: 08/06/2005

P 2

# INCIDENT REPORT

| Group: N/A | Type: Inmate Involved | Incident Date: 08/06/2005 | Time: 0610 | Confidential: No |

**Facility:** SCI_Sussex Correctional Institution                                Followup Required : No

**Incident Location:** MULTI-SECURITY

**Location Description:** MSB Chow Hall

**Violated Conditions:** 1.06/200.203 Disorderly or Threatening Behavior

**Description of Incident:**

On the above date, time, and location, I C/O S. Emerick observed C/O Berezansky give I/M Collins, Curtis 00314128 a direct order to stop talking or dump his tray. I/M Collins dumped his tray and then became disorderly, and walked towards C/O Berezansky in a threatening manner with his fists clinched. I/M Collins then lunged at C/O Berezansky as he was exiting the chow hall. C/O Berezansky then  pulled and sprayed Capstun directly in I/M Collins' face. I/M Collins was then taken to the ground by myself, C/O Berezansky, and C/O Daisey to be handcuffed. I/M Collins was then escorted to the holding cell, seen by medical where he complained of no injuries. After being cleared by medical, I/M Collins was placed in ASDA 1 Cell 1.

| Injured Persons | Hospitalized | | Nature Of Injuries |
|---|---|---|---|
| N/A | N/A | N/A | |

**Evidence Type:** N/A                                                        Date Collected: N/A

**Discovered By :** N/A                                        Secured By: N/A

**Type of Force Used: [ ]** PHYSICAL  **[ ]** CHEMICAL **[ ]** STUN **[ ]** OTHER  **[ ]** CAPSTUN **[X]** NONE

**Restraints Used**    : N/A

**Immediate Action Taken:**
N/A

| Individuals Involved | | | |
|---|---|---|---|
| Person Code | Name | SBI# | Title |
| Inmate | Curtis, Collins M | 00314128 | N/A |
| Staff | Shawn, Emerick T | N/A | Correctional Officer |
| Staff | Bradley, Berezansky | N/A | Correctional Officer |
| Staff | Jeffrey, Daisey | N/A | CO Corporal/Sgt. Small Inst. |

**Reporting Officer:** Emerick, Shawn T (Co Corporal/Sgt. Small        **Entered By:** Daisey, Jeffrey  (Co Corporal/Sgt. Small Inst.)

| Approval Information |

**[ X ]** Approved   **[ ]** Disapproved  Date: 08/06/2005  **Approved by:** Johnson, Joseph H  (Staff Lt./Lt)

**Comments:** Sent to Lt. J Isaacs

Received, Reviewed &
Approved

AUG 0 6 2005

Watch Commander

Signature

D00180

Incident#
11019

SCI Sussex Correctional Institution
PO Box 500
**GEORGETOWN DE, 19947**
**Phone#: 302-856-5280**

Date: 08/06/2005

PAGE 3

# INCIDENT REPORT

Group: N/A    Type: FM    Incident Date: 08/06/2005    Time: 0600    Confidential: No

**Facility:** SCI Sussex Correctional Institution                    Followup Required : No

**Incident Location:** MULTI-SECURITY

**Location Description:** CHOW HALL

**Violated Conditions:** 1.06/200.203 Disorderly or Threatening Behavior

**Description of Incident:**

ON THE ABOVE DATE AND APPRX. TIME, I C/O DAISEY WAS ASSISTING WITH CHOW WHEN I HEARD C/O BEREZANSKY GIVE I/M CURTIS COLLINS A DIRECT ORDER TO STOP TALKING OR DUMP HIS TRAY. AT THAT TIME I/M COLLINS BECOME EVEN LOUDER AND CAUSING A COMMOTION. THEN C/O BEREZANSKY ORDERED I/M COLLINS TO DUMP HIS TRAY AND RETURN TO CELL AND LOCK IN. AS I/M COLLINS WAS EXITING THE CHOW HALL ,I/M COLLINS TURNED AROUND IN A THREATING MANNER AND  RAISED HIS FIST IN A FIGHTING STANCE AND WAS LUNGING TOWARD C/O BEREZANSKY.  C/O. BEREZANSKY AT THAT TIME PULLED CAPSTUN AND SPRAYED I/M CURTIS COLLINS.  AT THAT TIME I/M COLLINS WAS TAKEN TO THR GROUND BY I C/O DAISEY ,C/O EMERICK AND C/O BEREZANSKY AND HANDCUFFED AND TAKEN TO HOLDING CELL AND WAS SEEN BY MEDICAL WITH NO INJURIES AND PLACED IN ASDA-1,CELL-1.   E.O.R

| Injured Persons | Hospitalized | Nature Of Injuries |
|---|---|---|
| N/A | N/A | N/A |

**Evidence Type:** N/A                                        **Date Collected:** N/A

**Discovered By :** N/A                        **Secured By:** N/A

**Type of Force Used:** [ ]  PHYSICAL   [ ]   CHEMICAL [ ]    STUN [ ]    OTHER   [X]  CAPSTUN [ ]   NONE

**Restraints Used**   : HANDCUFFS

**Immediate Action Taken:**

I/M COLLINS BECOME THREATING AND DISORDERY WAS SPRAYED WITH CAPSTUN,HANDCUFFED AND WAS SEEN BY MEDICAL.PLACED IN HOLDING CELL

| Individuals Involved | | | |
|---|---|---|---|
| Person Code | Name | SBI# | Title |
| Staff | Jeffrey, Daisey | N/A | CO Corporal/Sgt. Small Inst. |
| Staff | Bradley, Berezansky | N/A | Correctional Officer |
| Staff | Shawn, Emerick T | N/A | Correctional Officer |
| Inmate | Curtis, Collins M | 00314128 | N/A |

**Reporting Officer:** Daisey, Jeffrey  (Co Corporal/Sgt. Small Inst.)    **Entered By:** Daisey, Jeffrey  (Co Corporal/Sgt. Small Inst.)

Approval Information

X  Approved   [ ] Disapproved   **Date:** 08/06/2005   **Approved by:** Johnson, Joseph H  (Staff Lt./Lt)

**Comments:** Sent to Lt. J Isaacs

Received, Reviewed &
Approved

AUG 0 6 2005

Watch Commander

Signature



DEPOSITION
EXHIBIT
DX #3
8-17-06  VB

**CONFIDENTIAL**    PAGE 4

Date: 8/6/05    Day: SAT.    SHIFT ASSIGNMENT ROSTER-1    Shift: 1288    Watch Commander: West

| CENTRAL CONTROL | KEY SOUTH BLG. | TOWERS | VISITING RM. |
|---|---|---|---|
| | | | |
| | | | |
| MSB | | | GYM OFFICER |
| Chandler | | | |
| Chaffinch | | | CYM OFFICER |
| Emerick | KITCHEN AM | | CHAPEL |
| Berezansky | | | |
| Dinzy | PT. HOUSING UNITS | | |
| Johnson | | KITCHEN PM | RECEIVING ROOM |
| Day (C/T) | | | |
| | | | |
| Adams W. | | OUTSIDE HOSP | |
| | | | PROPERTY RM |
| Tyre | | | |
| MEDIUM BLOCK | PRETRIAL ROVERS | FRONT DOOR | MEDIUM BLG. |
| | | FRONT COUNTER | |
| | | WAITING ROOM | |
| MINIMUM BLG. | | | |
| | FRONT GATE | PROGRAMS RM | LT. CONT. |
| K-9 UNITS | | | |
| | PATROL K-9 | SHAKEDOWN | |
| VACATION | SICK | HOLIDAY | |
| | | | TRAINING/OTHER |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | COMP. TIME | MILITARY/AL WOP | A.W.O.L. |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

CONFIDENTIAL

D00181

## Answers to Complaints

1:05-cv-00739-SLR Collins v. Kearney et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Tross, Erika Yvonne entered on 10/31/2006 at 2:04 PM EST and filed on 10/31/2006

| | |
|---|---|
| **Case Name:** | Collins v. Kearney et al |
| **Case Number:** | 1:05-cv-739 |
| **Filer:** | Rick Kearney |
| | Berezansky |
| | James Chandler |
| | Milligan |
| | Daisey |
| | Irvin Johnson |

**Document Number:** 62

**Docket Text:**
ANSWER to Complaint with Jury Demand by Rick Kearney, James Chandler, Berezansky, Milligan, Daisey, Irvin Johnson.(Tross, Erika)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=10/31/2006] [FileNumber=295632-0
] [70af271426784dd81447a8502f3f8f4235f538152726f78022312fdb1dad5add054f
73b21b3d653bfe42f400ed5acd80507ebd1f988a505f4bdae464460588933]]

**1:05-cv-739 Notice will be electronically mailed to:**

Erika Yvonne Tross    Erika.Tross@state.de.us

**1:05-cv-739 Notice will be delivered by other means to:**

Curtis M. Collins
SBI #314128
Delaware Correctional Center
SHU 17-DL-2
1181 Paddock Road
Smyrna, DE 19977

**Other Documents**
1:05-cv-00739-SLR Collins v. Kearney et al
PaperDocuments

### U.S. District Court

### District of Delaware

**Notice of Electronic Filing**

The following transaction was entered on 11/9/2006 at 5:07 PM EST and filed on 11/9/2006
**Case Name:**        Collins v. Kearney et al
**Case Number:**      1:05-cv-739
**Filer:**
**Document Number:** 66

**Docket Text:**
CERTIFICATION by Nancy Rebeschini, Esq. re deposition of James Chandler held on November 2, 2006. (fmt)

**1:05-cv-739 Notice has been electronically mailed to:**
Erika Yvonne Tross Erika.Tross@state.de.us

**1:05-cv-739 Notice has been delivered by other means to:**

Curtis M. Collins
SBI #314128
Delaware Correctional Center
SHU 17-DL-2
1181 Paddock Road
Smyrna, DE 19977

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=11/9/2006] [FileNumber=300757-0]
[90911be9d5322bdc1b1eedb51ca65bc80b993d58d44b425ae09d2eb7eb93c9a680d7
af63d0ec4bf6986ab1aa3f12246e6da2896e5e0b32d3980bdc35833cf147]]