IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CURTIS M. COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-739-SLR |
| v. | ) |
| | ) Jury Trial Requested |
| WARDEN RICK KEARNEY, *et al*., | ) |
| | ) |
| Defendants. | ) |

**STATE DEFENDANTS' COMBINED ANSWERING BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [RE: D.I. 73]
and REPLY BRIEF IN SUPPORT OF THE STATE DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [RE: D.I. 76 and 77]**

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
  Attorney for State Defendants

Dated: January 8, 2007

# TABLE OF CONTENTS

Table of Citations …………………………………………………………............... ii

Nature and Stage of the Proceedings …………………………………………… 1

Summary of the Argument ……………………………………………………… 2

Statement of the Facts ………………………………………………………….... 3

Argument ……………………………………………………………………….. 4

    I.    Collins Cannot Support His Claims Against Defendants Kearney, Milligan And Johnson Because They Were Not Personally Involved In The August 6th Incident.    4

    II.    Officer Berezansky's and Officer Daisey's Actions Were A Reasonable Response To Plaintiff's Threatening And Aggressive Behavior And Did Not Violate Plaintiff's Eighth Amendment Rights.    5

    III.    Defendant Chandler Did Not Fail To Protect Collins.    7

    IV.    State Defendants Did Not Refuse Collins Access To Medical Treatment.    8

    V.    State Defendants Are Immune From Liability For Plaintiff's Claims.    10

Conclusion ……………………………………………………………………… 11

## TABLE OF CITATIONS

**Cases**

*Dickens v. Taylor*,
    2006 WL 3190344, at *5 (D. Del. Nov. 3, 2006) …………………………….. 7-8
*Doe v. Cates*,
    499 A.2d 1175 (Del. 1985) ……………………………………………… 10
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) …………………………………………………………….. 4
*Rode v. Dellarciprete*,
    845 F.2d 1195, 1207 (3d Cir. 1988) ……………………………………….... 4
*Whitley v. Albers*,
    475 U.S. 312 (1986) …………………………………………………………... 5-6


**Statutes, Rules and Other Authority**

10 *Del. C.* § 4001 ……………………………………………………………….. 10
42 *U.S.C.* § 1983 ………………………………………………………………… *passim*
Del. Const. Art. I., Sec 9 ……………………………………………………………… 10
Federal Rule of Civil Procedure 56(e) …………………………………………….... 4

## NATURE AND STAGE OF THE PROCEEDINGS

On December 4, 2006, Plaintiff Curtis M. Collins ("Collins" or "Plaintiff") filed an Opening Brief in Support of Complaint. (D.I. 73). Four days later, on December 8, 2006, State Defendants Warden Rick Kearney, Sergeant James Chandler, Officer Bradley Berezansky, Officer Michael Milligan, Officer Jeffrey Daisey, and Officer Irvin Johnson (the "State Defendants") filed their own timely Motion for Summary Judgment and Opening Brief in Support. (D.I. 76 and 77, respectively). On January 4, 2007, Collins filed his Answering Brief in opposition to the State Defendants' Motion for Summary Judgment. (D.I. 84). This is State Defendants' Combined Answering Brief in Opposition to Plaintiff's Motion for Summary Judgment and Reply Brief in Support of the State Defendants' Motion for Summary Judgment.

## SUMMARY OF THE ARGUMENT

I.      A Plaintiff filing a lawsuit pursuant to 42 U.S.C. § 1983 is required to show that the defendants had personal involvement in the alleged wrongs. In this case, the record is clear that Warden Kearney and Officers Milligan and Johnson had no personal involvement in the alleged attack upon Collins. Therefore, Collins cannot maintain an action against these Defendants and summary judgment is appropriate.

II.     Officer Berezansky's and Officer Daisey's use of force was a reasonable response to Collins's threatening and aggressive behavior. Collins cannot prove the force used was excessive. Thus, Collins cannot show the State Defendants violated his Eighth Amendment rights and his claims cannot withstand summary judgment.

III.    Sergeant Chandler did not knowingly disregard a risk of substantial harm to Collins when he witnessed the Officers cap-stun and handcuff Collins. Therefore, Sergeant Chandler did not act with deliberate indifference and he cannot be held liable for failure to protect.

IV.     Collins received assessment and treatment for his injuries, if any, by the medical staff on the date of the alleged incident and shortly thereafter. Therefore, his allegations that the State Defendants refused him access to medical treatment are false and the State Defendants' Motion for Summary Judgment should be granted.

V.      The State Defendants are immune from liability in their official and individual capacities. Thus, Plaintiff's claims against the State Defendants cannot withstand summary judgment and the State Defendants' Motion should be granted.

## **STATEMENT OF THE FACTS**

State Defendants hereby incorporate by reference, as if fully set forth herein, the facts as presented in State Defendants' Opening Brief in Support of the Motion for Summary Judgment (D.I. 77).

**ARGUMENT**

To obtain summary judgment a moving party must prove that there are no genuine issues of material fact in dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10-11 (1986). Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. … [T]he moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 586-87 (quoting FED. R. CIV. P. 56(e)).

In this case, the State Defendants provided affidavits, reports, medical records, and other documents clearly showing that Collins was the aggressor in the chow hall on August 6, 2005 and that the Officers responded to Collins's threatening behavior in a reasonable manner to alleviate the danger Collins posed. Thus the State Defendants have met their burden of showing that they did not violate Collins's constitutional rights. Collins, however, has not come forward with any specific facts showing that there is a genuine issue for trial. Therefore, the Court should deny Plaintiff's Motion for Summary Judgment and grant the State Defendants' Motion for Summary Judgment.

**I.     Collins Cannot Support His Claims Against Defendants Kearney, Milligan And Johnson Because They Were Not Personally Involved In The August 6th Incident.**

To support a claim for a civil rights violation under 42 U.S.C. § 1983, a plaintiff must show that the defendant had *personal involvement* in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (emphasis added). Collins cannot prove that State Defendants Kearney, Milligan and Johnson had any personal involvement in the alleged attack upon him. In fact, no where in his Answering Brief

4

does Collins support his claim that Defendants Kearney, Milligan and Johnson were involved in the August 6th Incident. He offers no evidence to refute the fact that Officer Milligan was not working at SCI on August 6. Further he offers no proof that Officer Johnson was working in the chow hall on August 6.

The State Defendants, on the other hand, proved in their Opening Brief that Warden Kearney had no involvement in the attack and cannot be held liable under the theory of respondeat superior. Further, the State Defendants provided a roster of officers working on August 6, 2005, as well as an affidavit from Officer Milligan showing that Officer Milligan was not working at SCI on the day of the Incident. (Exhibits "L" and "M" to State Defendants' Op. Br.). Finally, although Officer Johnson was on duty at SCI on the date of the Incident, the State Defendants submitted an affidavit proving that Officer Johnson was not working in the chow hall and had no involvement in the Incident. (Exhibit "N" to State Defendants' Op. Br.). Clearly Collins cannot support his claims against Warden Kearney, Officer Milligan and Officer Johnson. Therefore these defendants should be dismissed from the case.

II.     **Officer Berezansky's and Officer Daisey's Actions Were A Reasonable Response To Plaintiff's Threatening And Aggressive Behavior And Did Not Violate Plaintiff's Eighth Amendment Rights.**

A court, in reviewing a claim of excessive force, must ask itself whether the force used by a prison official "was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)). Further, in making this determination a court must consider

that correctional officers must make decisions as to the use of force "in haste, under pressure, and frequently without the luxury of a second chance." *Id.* at 320.

Collins asserts in his Answering Brief that he "did not lung [sic] toward C/O Berezansky" and that he has "about 15 witnesses that is willing to testify." (Ans. Br. at 7). Collins, however, has not provided a single affidavit or other statement from his alleged witnesses regarding the events that occurred during the August 6th Incident.

The State Defendants, on the other hand, attached to their Opening Brief ample evidence that Collins was the aggressor of the August 6th Incident and that the Officers' response to his aggression was reasonable and necessary.

The disciplinary hearing decision from the August 6th Incident reveals that Collins admitted that he, "complied and dumped my tray and on my way out I asked him why are you talking to me like that, he again stated to shut my fucking mouth. As I was leaving the chow hall *I turned and told him he should shut his fucking mouth*." (Exhibit "I" to State Defendants' Op. Br.) (emphasis added). Thus by his own admission, Collins disobeyed the rules of the chow hall and then exhibited defiant and disorderly behavior when told that he had to dump his tray and exit the chow hall. Clearly Collins was the aggressor of the Incident.

The Officers in the chow hall that day responded to Collins's deviant behavior in a reasonable manner. First, the record shows that the Officers needed to use force when Collins turned toward Officer Berezansky and lunged toward him with his fists clenched. (Exhibits "F", "G" and "H" to State Defendants' Op. Br.). Second, the amount of force the Officers used was in proportion to the threat Inmate Collins posed. Third, Collins's injuries were not serious as is evident by the nurse's report which states

that Collins was immediately assessed after the cap-stunning and there were no noted injuries or bruises. (Exhibits "J" and "K" to State Defendants' Op. Br.). Fourth, Collins's aggressive posture and lunging toward Officer Berezansky constituted a threat to the safety of Officer Berezansky, as well as the other officers and inmates present. Thus the Officers were justified in believing that Collins was a threat to the safety and security of the environment. Finally, the Officers made efforts to temper the situation both before and after the use of force by ordering Collins to exit the chow hall when he violated the rules and later by having him assessed for injuries after the cap-stunning.

The cap-stunning of Collins by Officer Berezansky was a direct result of Collins's threatening and aggressive behavior. Moreover, the force used by the Officers was applied in a good-faith effort to maintain and restore discipline in a situation that was tense, hostile and quickly becoming out of control. The Officers did not violate Collins's Eighth Amendment rights and the Motion for Summary Judgment should be granted.

### III.     **Defendant Chandler Did Not Fail To Protect Collins.**

Plaintiff claims in his Answering Brief that Sergeant Chandler should be held liable for his alleged injuries because "Sgt. Chandler, did laugh at Mr. Collins." (Pl. Ans. Br. at 10). Collins, however, has failed to provide a single affidavit from any witness supporting his bald assertion. On the other hand, Sergeant Chandler, during his deposition, testified that he did not laugh at Collins. (Exhibit "A" to State Defendants' Op. Br. at Chandler's Answer to Question 1).

Further, even if Collins could prove that Sergeant Chandler was laughing, such conduct, alone, does not amount to an eighth amendment failure to protect claim. "To prevail on an Eighth Amendment failure to protect claim, a plaintiff is required to

7

show that (1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety (the subjective element)." *Dickens v. Taylor*, 2006 WL 3190344, at *5 (D. Del. November 3, 2006) (citing *Farmer v. Brennan,* 511 U.S. 825, 833-34 (1994)) (Exhibit "S" to State Defendants' Op. Br.).

In this case, Sergeant Chandler did not know of and disregard an excessive risk to Collins's safety. Collins lunged at Officer Berezansky, who, in turn, cap-stunned Collins. The Officers then took Collins to the ground, handcuffed him and placed him in a holding cell. Thus there was no excessive risk to Collins's safety.

Further, Sergeant Chandler was not in a position to offer assistance to Collins. Of the four officers on duty that day in the chow hall, three were required to subdue and control Collins. This left Sergeant Chandler alone to "watch the other 30 or so high security inmates that were still in the chow hall at that time." (Exhibit "A" to State Defendants' Op. Br.).

Collins's only claim against Sergeant Chandler is that Sergeant Chandler was laughing at him. Sergeant Chandler, however, did not laugh at Collins and Collins cannot prove otherwise. Moreover, Sergeant Chandler's conduct in this situation did not rise to the level of an eighth amendment violation. Therefore, the motion for summary judgment should be granted as to Sergeant Chandler.

**IV.     State Defendants Did Not Refuse Collins Access To Medical Treatment.**

In his Complaint and Opening Brief, Collins asserts that he did not receive medical treatment for over forty (40) days. The State Defendants, however,

8

demonstrated in their Opening Brief that Collins was not denied medical treatment. Rather, the Officers provided proof that Collins was given access to and treatment by the medical staff the same day he was cap-stunned. Collins even admits in his deposition that after he was placed in the holding cell he was seen by a nurse on the same day as the Incident. (Exhibit "B" to State Defendants' Op. Br. at 48:16-18) Further the Nurse's Incident Report states, "I/M assessed after capstun, no noted injuries." (Exhibit "J" to State Defendants' Op. Br.). The nurse also found that there was "no noted bruising." (Exhibit "J" to State Defendants' Op. Br.). Thus the record reveals that Collins was assessed by a member of the medical staff shortly after he was cap-stunned.

Moreover, Plaintiff's medical records show that he was seen by a member of the medical staff on August 8, 2005 – two days after the Incident. (Exhibit "T" to State Defendants' Op. Br.). Collins also received an X-ray and examination of his ribs by Dr. Mahendra Parikh of Mid-Delaware Imaging on August 10, 2005 – only four days after the Incident. (Exhibit "U" to State Defendants' Op. Br.). Collins's allegations that he was not examined by a doctor for over forty (40) days are false.

The record is clear – the State Defendants provided Plaintiff access to medical treatment. He was seen by a nurse on the same day that he was cap-stunned and the nurse found no injuries or bruising. Collins was again seen by the medical staff two days after the Incident. Further, only four days after the Incident, Collins was examined and X-rayed by a physician outside of SCI. Plaintiff cannot support his claim that the State Defendants refused him medical treatment and the State Defendants' Motion for Summary Judgment should be granted.

**V.        State Defendants Are Immune From Liability For Plaintiff's Claims.**

Finally, for the reasons presented in State Defendants' Opening Brief, the State Defendants are immune from liability in this case in their official and individual capacities. The Doctrine of Sovereign Immunity and the Eleventh Amendment bar Collins's claims against the State Defendants in their official capacity because the State Defendants acted without gross or wanton negligence and their actions arose out of and in connection with the performance of official discretionary duties. *See* Del. Const. Art. I., Sec 9; *Doe v. Cates*, 499 A.2d 1175 (Del. 1985); 10 *Del. C.* § 4001. Moreover, the State Defendants are protected from liability in their individual capacity because their actions were reasonable in light of the threat Collins posed to the safety of the individuals present in the chow hall. Thus the State Defendants are immune from Collins's tort and constitutional claims.

## **CONCLUSION**

The events that occurred in the chow hall during breakfast on August 6, 2005 were tense, hostile and quickly becoming out of control. Sensing the danger facing themselves, as well as the other inmates present, the Officers responded with the minimum amount of reasonable force necessary to control the situation. The Officers' actions were reasonable and justified and they did not violate Collins's constitutional rights. Therefore, State Defendants' Motion for Summary Judgment should be granted.

# **CERTIFICATE OF SERVICE**

I, Erika Y. Tross, Esq., hereby certify that on January 8, 2007, I caused a true and correct copy of the attached ***State Defendants' Combined Answering Brief In Opposition To Plaintiff's Motion For Summary Judgment [Re: D.I. 73] and Reply Brief In Support Of The State Defendants' Motion For Summary Judgment [Re: D.I. 76 and 77]*** to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT:**

Inmate Curtis M. Collins
SBI #00314128
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400