IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CURTIS M. COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 05-739-SLR |
| v. ) | |
| ) | Jury Trial Requested |
| WARDEN RICK KEARNEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL [RE: D.I. 104]**

COMES NOW, State Defendants Warden Rick Kearney, Sergeant James Chandler, Officer Bradley Berezansky, Officer Michael Milligan, Officer Jeffrey Daisey, and Officer Irvin Johnson (the "State Defendants") by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiff's Second Motion For Appointment Of Counsel (the "Second Motion to Appoint") (D.I. 104). Because this case is not complex and Collins is able to present his claims, the State Defendants ask the Court to deny the Second Motion to Appoint. In support of the Response, State Defendants state as follows:

1. Plaintiff Curtis M. Collins ("Collins" or "Plaintiff") is an inmate presently incarcerated at Delaware Correctional Center ("DCC"). At the time of filing his Complaint and the events alleged in the Complaint, Plaintiff was incarcerated at Sussex Correctional Institute ("SCI"). Collins is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2. On October 21, 2005, Collins filed a Complaint pursuant to 42 U.S.C. § 1983 against State Defendants Kearney, Chandler, and Berezansky alleging that

these defendants violated his constitutional rights while he was incarcerated at SCI by committing excessive force and assault and battery. (D.I. 2).

3. On May 12, 2006, Plaintiff moved for leave to amend his Complaint. (D.I. 20). In his Amended Complaint Plaintiff sought to add additional claims of verbal abuse, equal protection, unlawful seizure, refusal of medical treatment, and medical malpractice. State Defendants Kearney, Chandler and Berezansky did not oppose Plaintiff's Motion to Amend (D.I. 21) and on June 2, 2006, this Court granted Plaintiff leave to amend. Shortly thereafter, in a Memorandum and Order dated July 18, 2006, the Court dismissed Plaintiff's claims of verbal abuse, equal protection, unlawful seizure and medical malpractice pursuant to 28 U.S.C. §§ 1915 and 1915A. (D.I. 26). Therefore, the only remaining claims against the State Defendants are excessive force, assault and battery and refusal of medical treatment.

4. On August 9, 2006, Collins filed his first motion for appointment of counsel (the "First Motion to Appoint") (D.I. 29). In the First Motion to Appoint, Collins argued that he should receive counsel because he is incarcerated, unskilled in the law and because DCC "limits the days and times that appellant is allowed access to the law library." (D.I. 29 at 1). State Defendants Kearney, Chandler and Berezansky, the only named state defendants at the time who had been served with the Complaint, filed a response asking the Court to deny Collins's request for counsel. (D.I. 31, filed 8/21/06).

5. On September 21, 2006 the Court denied Collins's First Motion to Appoint. (D.I. 47). In its order the Court stated, "Plaintiff has shown that he is able to articulate the alleged facts clearly. To date, the motions he has filed evidence his ability

to understand and implement the Federal Rules of Civil Procedure." (D.I. 47 at ¶ 4). The Court also found that, "this is not a complex case." (*Id.*).

      6.    Almost one year following the First Motion to Appoint, Collins filed his second motion for appointment of counsel on July 2, 2007 (the "Second Motion to Appoint") (D.I. 104). In the Second Motion to Appoint, Collins claims he should receive counsel because he has not been afforded the right to depose the defendants. (D.I. 104 at 1). Collins also claims he should receive counsel because he is unskilled in the law and because he has not been able to receive responses to interrogatories from the State. (D.I. 104 at 2). Collins's allegations that he has not been able to depose the State Defendants and has not received responses to his interrogatories are false. Moreover this is not a complex case and Collins is capable of presenting his claims to the Court. Therefore this Court should deny the Second Motion to Appoint.

      7.    The Third Circuit holds that *pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Rather the appointment of counsel is left within the court's discretion. *Parham*, 126 F.3d at 457; *Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993). A court usually grants a request for appointment of counsel only "'upon a showing of special circumstances indicating a likelihood of substantial prejudice to [the litigant] resulting … from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case.'" *Daniels v. Correctional Medical Services, Inc.*, 380 F.Supp.2d 379, 384 (D. Del. 2005) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

8.  In determining whether to appoint counsel a court must make a preliminary determination about the merits of a plaintiff's case. *Parham*, 126 F.3d at 457. If the court determines that the plaintiff's claims have some merit, then the court should consider several additional factors including: (1) the plaintiff's ability to present his case; (2) the complexity of the legal issues; (3) the degree to which factual investigation is necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) the need for expert testimony; and (6) whether the plaintiff can attain and afford counsel on his behalf. *Id*.

9.  In addition to considering the *Tabron* factors, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Parham*, 126 F.3d at 458. Considering all of the *Tabron* factors, Collins does not need or require appointed counsel at this time.

10.  Collins first claims he should receive counsel because he has not been afforded the opportunity to depose the State Defendants. This, however, is incorrect. On July 21, 2006, this Court issued an order stating that Collins could depose three State Defendants by written question. (D.I. 47 at ¶¶ 1-3). In accordance with that order, on November 2, 2006, Collins deposed Defendant Chandler by written question and on November 8, 2006, Collins deposed Defendants Berezansky and Milligan by written question. (D.I. 58, 64-66). Therefore Collins has deposed the State Defendants and there is no basis for his request for counsel.

11.  Collins next asserts that he should receive counsel because he has not received interrogatory responses from the State Defendants. This allegation is also

false. To date Collins filed two requests for production of documents. Both requests, however, were directed to First Correctional Medical and their staff. (D.I. 33, filed 8/31/06 and D.I. 37, filed 9/7/06). No discovery requests were directed to the State Defendants. Despite the fact that the requests were not issued to the State Defendants, the State Defendants produced to Collins 177 pages of documents, which included copies of his medical file. (*See* D.I. 55, 56). Therefore, to the extent Collins issued discovery, the State Defendants have responded to his requests.

12.    Finally Collins contends that the Court should appoint counsel because he is unskilled in the law. A review of the record in this case, however, reveals that Collins has been able to adequately present his case. He has filed a lengthy and detailed Complaint and Amended Complaint both of which clearly set forth the facts of the case and his claims. He has also filed with the Court several motions, including a motion for summary judgment with an opening brief. Further, as the Court found, this is not a complex case. (D.I. 47 at ¶ 4). Thus Collins is able to present his case and does not need or require an attorney at this time.

WHEREFORE, State Defendants respectfully request that this Honorable Court deny Plaintiff's Second Motion for Appointment of Counsel.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
        Attorney for State Defendants

Dated: July 9, 2007

# **CERTIFICATE OF SERVICE**

I, Erika Y. Tross, Esq., hereby certify that on July 9, 2007, I caused a true and correct copy of the attached ***State Defendants' Response In Opposition To Plaintiff's Second Motion For Appointment Of Counsel [Re: D.I. 104]*** to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT:**

Inmate Curtis M. Collins
SBI #00314128
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

___One true copy by facsimile transmission to each recipient

_✓_Two true copies by first class mail, postage prepaid, to each recipient

___Two true copies by Federal Express

___Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400