IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CURTIS M. COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-739-SLR |
| v. | ) |
| | ) Jury Trial Requested |
| SGT. JAMES CHANDLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL [RE: D.I. 111]**

COMES NOW, State Defendants Sergeant James Chandler, Officer Bradley Berezansky, and Officer Jeffrey Daisey (the "State Defendants") by and through their undersigned counsel, and hereby respond in opposition (the "Response") to Plaintiff's Third Motion For Appointment Of Counsel (the "Third Motion to Appoint") (D.I. 111). Because this case is not complex and Collins had demonstrated an ability to present his claims, the State Defendants ask the Court to deny the Third Motion to Appoint. In support of the Response, State Defendants state as follows:

1. Plaintiff Curtis M. Collins ("Collins" or "Plaintiff") is an inmate presently incarcerated at Delaware Correctional Center ("DCC"). At the time of filing his Complaint and the events alleged in the Complaint, Plaintiff was incarcerated at Sussex Correctional Institute ("SCI"). Collins is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2. On October 21, 2005, Collins filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights while he was incarcerated at SCI by committing excessive force and assault and battery. (D.I. 2).

3. On May 12, 2006, Plaintiff moved for leave to amend his Complaint. (D.I. 20). In his Amended Complaint Plaintiff sought to add additional claims of verbal abuse, equal protection, unlawful seizure, refusal of medical treatment, and medical malpractice. The State Defendants did not oppose Plaintiff's Motion to Amend (D.I. 21) and on June 2, 2006, this Court granted Plaintiff leave to amend. Shortly thereafter, in a Memorandum and Order dated July 18, 2006, the Court dismissed Plaintiff's claims of verbal abuse, equal protection, unlawful seizure and medical malpractice pursuant to 28 U.S.C. §§ 1915 and 1915A. (D.I. 26). Therefore, the only remaining claims against the State Defendants at that time were excessive force, assault and battery and refusal of medical treatment.

4. On August 9, 2006, Collins filed his first motion for appointment of counsel (the "First Motion to Appoint") (D.I. 29). In the First Motion to Appoint, Collins argued that he should receive counsel because he is incarcerated, unskilled in the law and because DCC "limits the days and times that appellant is allowed access to the law library." (D.I. 29 at 1). State Defendants Kearney, Chandler and Berezansky, the only named state defendants at the time who had been served with the Complaint, filed a response asking the Court to deny Collins's request for counsel. (D.I. 31, filed 8/21/06).

5. On September 21, 2006, the Court denied Collins's First Motion to Appoint. (D.I. 47). In its Order the Court stated, "Plaintiff has shown that he is able to articulate the alleged facts clearly. To date, the motions he has filed evidence his ability to understand and implement the Federal Rules of Civil Procedure." (D.I. 47 at ¶ 4). The Court also found that, "this is not a complex case." (*Id.*).

6. On November 17, 2006, discovery closed. Less than one month later, on December 4, 2006, Collins filed a motion for summary judgment with an opening brief in support. (D.I. 73). Four days later, on December 8, 2006, State Defendants filed their own motion for summary judgment and opening brief in support. (D.I. 76, 77).

7. Before awaiting the Court's decision on the motions for summary judgment, Collins filed a Second Motion for Appointment of Counsel (the "Second Motion to Appoint") (D.I. 104, filed July 2, 2007). On July 9, 2007, State Defendants filed a response in opposition to the Second Motion to Appoint. (D.I. 105). To date the Court has not ruled on the Second Motion to Appoint.

8. On July 20, 2007, the Court entered an Opinion and Order granting in part and denying in part State Defendants' Motion for Summary Judgment. (D.I. 106, 107). In its Opinion and Order, the Court dismissed from the case all of the State Defendants except for State Defendants Chandler, Berezansky and Daisey. In addition, the Court dismissed Plaintiff's medical needs claim.

9. Rather than wait for the Court's decision on the Second Motion to Appoint, Collins filed the Third Motion to Appoint on August 31, 2007. In the Third Motion to Appoint Collins states that he is entitled to counsel because he believes he is "entitled to redress" and because he is poor. This is State Defendants Chandler, Berezansky and Daisey's Response in Opposition to the Third Motion to Appoint.

10. The Third Circuit holds that *pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Rather, the appointment of counsel is left

within the court's discretion.  *Parham*, 126 F.3d at 457; *Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993).  A court usually grants a request for appointment of counsel only "'upon a showing of special circumstances indicating a likelihood of substantial prejudice to [the litigant] resulting … from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case.'"  *Daniels v. Correctional Medical Services, Inc.*, 380 F.Supp.2d 379, 384 (D. Del. 2005) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

        11.    In determining whether to appoint counsel a court must make a preliminary determination about the merits of a plaintiff's case.  *Parham*, 126 F.3d at 457.  If the court determines that the plaintiff's claims have some merit, then the court should consider several additional factors including:  (1) the plaintiff's ability to present his case; (2) the complexity of the legal issues; (3) the degree to which factual investigation is necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) the need for expert testimony; and (6) whether the plaintiff can attain and afford counsel on his behalf.  *Id.* (citing *Tabron*, 6 F.3d at 155-56, 157 n.5) (the "*Tabron* factors").

        12.    In addition to considering the *Tabron* factors, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  *Parham*, 126 F.3d at 458.  Considering the *Tabron* factors, Collins does not need or require appointed counsel at this time.

        13.    The reasons Collins offers in his Third Motion to Appoint do not satisfy the factors for appointment of counsel.  A review of the record in this case reveals

that Collins has been able to adequately present his case. He has filed a lengthy and detailed Complaint and Amended Complaint both of which clearly set forth the facts of the case and his claims. He also filed with the Court several motions, including a motion for summary judgment with an opening brief. Thus Collins has demonstrated an ability to represent himself.

14. In addition this Court has previously held that this is not a complex case. (D.I. 47 at ¶ 4). Discovery in the case is now complete and Collins was given the opportunity to conduct a factual investigation, including deposing the State Defendants. Further, because the Court dismissed the medical needs claim, expert testimony is probably not necessary. Given that this case does not present any special circumstances and given that the *Tabron* factors weigh against the appointment of counsel, the Court should deny the Third Motion to Appoint.

WHEREFORE, State Defendants respectfully request that this Honorable Court deny Plaintiff's Third Motion for Appointment of Counsel.

    **DEPARTMENT OF JUSTICE**
    **STATE OF DELAWARE**

    */s/ Erika Y. Tross*
    Erika Y. Tross (#4506)
    Deputy Attorney General
    820 N. French Street, 6th Floor
    Wilmington, DE 19801
    (302) 577-8400
        Attorney for State Defendants

Dated: September 10, 2007

# CERTIFICATE OF SERVICE

I, Erika Y. Tross, Esq., hereby certify that on September 10, 2007, I caused a true and correct copy of the attached *State Defendants' Response In Opposition To Plaintiff's Third Motion For Appointment Of Counsel [Re: D.I. 111]* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT:**

Inmate Curtis M. Collins
SBI #00314128
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

☐ One true copy by facsimile transmission to each recipient

✓ Two true copies by first class mail, postage prepaid, to each recipient

☐ Two true copies by Federal Express

☐ Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400