IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CURTIS M. COLLINS, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 05-739 SLR |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| WARDEN RICK KEARNEY, et al., | : | |
| | : | |
| Defendants. | : | |

**MOTION OF DEFENDANTS,
DR. ROBERTA BURNS AND NURSE HELEN WHITLEY,
TO VACATE THE COURT'S JANUARY 29, 2008 ORDER ORDERING
JUDGMENT BY DEFAULT BE ENTERED AT THE END OF THE CASE IN
FAVOR PLAINTIFF AND AGAINST DEFENDANTS BURNS AND WHITLEY**

Defendants, Dr. Roberta Burns and Nurse Helen Whitley, by and through their undersigned attorneys, hereby move this Honorable Court to vacate the Court's Order entered on January 30, 2008, directing that judgment by default will be entered against Dr. Burns and Nurse Whitley at the end of the case. Defendants aver the following in support of their Motion:

**Background**

1.  Plaintiff, Curtis M. Collins ("Plaintiff"), instituted the above action on October 21, 2005 against Rick Kearney, Sergeant James Chandler and "Berezinsky" to recover damages for an alleged assault which occurred on or about August 6, 2005. (D.I. 2). On May 12, 2006, Plaintiff filed a Motion to Amend Complaint, (D.I. 20), seeking: (1) to request a jury trial; (2) to invoke jurisdiction under 28 U.S.C. § 1331; (3) to add defendants, Milligan, Daisey, Johnson, John Doe 1 and John Doe 2; (4) to invoke Constitutional violations of Plaintiff's Rights pursuant to the Fourth, Eighth and

Fourteenth Amendments; (5) to amend damages claim; and (6) to correct the spelling of Defendant, Berezansky. The Motion was granted by the Court on June 2, 2006.

2. On July 20, 2006, this Court dismissed Plaintiff's claims of verbal abuse, equal protection, unlawful seizure and medical malpractice as frivolous. (D.I. 26). The Court also directed Plaintiff to notify the Court immediately when he learned the identities of John Doe 1 and John Doe 2 and to move for an order directing amendment of the caption and service of the Complaint upon them.

3. On September 8, 2006, Plaintiff filed a "Motion for an Order Directing Amendment to Serve the U.S. Marshal Form 285 to Jane Doe 2, Dr. Roberta Burns, Pursuant to Judge Robinson's Order of Date 7-18-06." (D.I. 39). Plaintiff did not move to amend the caption or amend the Complaint.

4. On September 15, 2006, Plaintiff filed a "Motion for an Order Directing Amendment to Serve the U.S. Marshal Form 285 to Jane Doe 1, Nurse Helen Whitley Pursuant to Judge Robinson's Order of Date 7-18-06". (D.I. 43). Plaintiff again did not move to amend the caption or amend the Complaint.

5. On September 19, 2006 and September 26, 2006, the Court entered Supplemental Service Orders granting the two Motions Directing Amendment to Serve filed by Plaintiff. (D.I. 44 and 49). On October 4, 2006, the Court received USM 285 Forms for service on Nurse Helen Whitley and Dr. Roberta Burns and copies of the Complaints which did not name Dr. Roberta Burns or Nurse Helen Whitley as Defendants in either the caption or the body of the documents.

6. On October 6, 2006, USM 285 Forms were forwarded to the U.S. Marshal for service on Dr. Roberta Burns and Nurse Helen Whitley along with docket items

2,3,4,8,9,11,12,20,26,44,47,49,50 and Magistrate Consent Forms. None of these docket items named Dr. Roberta Burns or Nurse Helen Whitley as Defendants in the caption.

      7.      On December 13, 2006, Waiver of Service with Form 285 was returned executed by Nurse Helen Whitley. (D.I. 80). The waiver of service required defendant to file a response to the Complaint on or before December 11, 2006.

      8.      On March 16, 2007, Waiver of Service with Form 285 was returned executed by Dr. Roberta Burns. (D.I. 96). The waiver of service required defendant to file a response to the Complaint on or before December 9, 2006.

      9.      On July 20, 2007, the Court granted the State Defendants Motion for Summary Judgment on the medical needs and Eleventh Amendment immunity issues. (D.I. 107)

      10.      On September 13 and 18, 2007, Plaintiff filed Motions for Default Judgment as to Dr. Roberta Burns and Nurse Helen Whitley. (D.I. 115 and 117). On November 13, 2007, the Clerk entered Default in Appearance as to Dr. Roberta Burns and Nurse Helen Whitley. (D.I. 120). Copies of the Clerk's Default in Appearance were forwarded to Dr. Robert Burns, 1724 Harness Place, Brentwood, TN 37027 and to Nurse Helen Whitley, SCI, Route 113, Georgetown, DE 19947. On November 20, 2007, the Court denied Plaintiff's Motions for Default Judgment as moot. (D.I. 121).

      11.      On November 28, 2007, the Court issued an Order to Show Cause, directing Plaintiff, by December 28, 2007, either to file a Motion for Entry of Judgment by Default or show cause why Dr. Burns and Nurse Whitley should not be dismissed for failure to prosecute. (D.I. 122). The Court added that Plaintiff's failure to timely respond to the Order "shall result in dismissal of said Defendants." <u>Id.</u>

12.  On November 28, 2007, Plaintiff filed a Motion to Disregard the Default Judgment on all of the Defendants because he was confused.  (D.I. 123)

13.  On January 16, 2008, beyond the December 28, 2007 deadline issued by the Court, Plaintiff wrote the Court indicating he mistakenly believed he did not have good grounds to assert a claim against Nurse Helen Whitley and Dr. Roberta Burns because the Court had dismissed the medical issues.  He then inquired into whether he still had a case against the other defendants and requested permission to file a Judgment by Default against Dr. Roberta Burns and Nurse Helen Whitley.

14.  On January 30, 2008, the Court entered an Order ordering judgment by default be entered at the end of the case in favor of plaintiff and against defendants Dr. Roberta Burns and Nurse Helen Whitley.  (D.I. 126).  Copies of the entry of Default Judgment were sent to each Defendant respectively.

15.  On February 14, 2008, Dr. Robert Burns wrote to the Court indicating she misunderstood a previous letter she received from the Court and does not recall receiving notice of suit.  (D.I. 131)

16.  On March 7, 2008, the undersigned entered an appearance for Defendants, Dr. Roberta Burns and Nurse Helen Whitley.  (D.I. 132).

17.  On March 12, 2008, the Court recognized the agreement of representation of Plaintiff by Jason Jowers, Esq.  (D.I. 133).  On March 13, 2008, the Court ordered a hearing for April 1, 2008 to set scheduling deadlines.  (D.I. 135).

## ARGUMENT

18.  Pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6), a court may set aside an entry of default judgment upon a showing of mistake, inadvertence, surprise,

4

excusable neglect or for any other reason justifying relief from the operation of the judgment provided relief is sought within one (1) year of the entry of judgment.[1] The entry of default judgments are generally disfavored by the law. *Lacy v. Sitel Corporation*, 227 F.3d 390, 292 (5th Cir., 2000). Public policy favors the resolution of disputes on their merits. *John v. New York Dept. of Corrections*, 130 Fed. Appx. 506 (2nd Cir., 2005). A decision to vacate the entry of default judgment is left to the discretion of the district court. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). The Third Circuit disfavors entry of defaults or default judgments, but instead prefers that cases be decided on the merits. *Id.* at 195. "Doubtful cases [are] to be resolved in favor of the party moving to set aside the default judgment…" *Id.* at 194-95. "Thus, where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Lacy*, 227 F.3d at 292 (*citing Gen Tel. Corp. v. Gen Tel. Answering Serv.*, 227 F.2d 919, 921 (5th Cir. 1960)).

19.    Excusable neglect encompasses situations in which the failure to comply with a filing deadline is at least attributable to negligence. *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 393 (1992).

20.    When considering a motion to set aside the entry of default or default judgment, the Court must consider the following factors: (a) whether the plaintiff will be prejudiced if the default is set aside; (b) whether the defendant has a meritorious defense; and (c) whether the default was the result of defendant's culpable conduct. *CJC Holdings v. Wright & Lato*, 979 F.2d 60, 64 (5th Cir. 1992); *Davis v. Musler*, 7113 F.2d 907, 915

---

[1] Although it does not appear the Court has entered default judgment against Defendants, Dr. Roberta Burns and Nurse Helen Whitley, the arguments set forth for relief from the January 30, 2008 Order will be made as if the Court has, in case Defendants are mistaken.

(5th Cir., 1983); *Shearin v. Poole*, 2004 U.S. Dist. LEXIS 4951 at *2 (D. Del.) (Exhibit "1").

21.  In determining whether a plaintiff will be prejudiced if an entry of default or default judgment is set aside, the court must consider whether the plaintiff's ability to pursue his claim has been hindered since the default or default judgment was entered or whether relevant evidence has become lost or unavailable. *Int'l Bhd. of Elec. Workers v. Skaggs*, 130 F.R.D. 526, 529 (D. Del. 1990); *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987). "Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default judgment entered at an early stage of the proceeding." *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656-57 (3d Cir. 1982). In the instant case, nothing has occurred since the Court entered Default on rendered its Order on January 30, 2008 that would hinder the plaintiff's ability to pursue his claim. The plaintiff continued to pursue his claim while incarcerated and unrepresented by counsel for approximately two (2) years. Further, there is no relevant evidence that has become lost or unavailable since the default judgment was entered. In addition, counsel was just assigned to represent Plaintiff and recognized by the Court on March 12, 2008. Lastly, the Court has scheduled a teleconference for April 1, 2008 in which scheduling dates are to be set. Thus, the record does not support a claim of prejudice justifying denial of the relief sought by Defendants, Dr. Roberta Burns and Nurse Helen Whitley.

22.  In addition to the above, Plaintiff is not prejudiced because he has been operating under the mistaken belief that Dr. Roberta Burns and Nurse Helen Whitley were dismissed from the case when the Court dismissed his claim for medical

malpractice as he indicated in his letter to the Court on January 18, 2008. (D.I. 124). Therefore, he cannot know claim that he did not pursue his claims against them as a result of any mistake on their part, because it was his mistake that resulted in his not actively prosecuting this case. This also raises an issue that if he thought that he did not have "good grounds for Nurse Helen Whitley and Dr. Roberta Burns" as a result of the Court dismissing the medical negligence claims, then he should dismiss his claims against them, not seek default judgment.

23.    The second factor to be considered is whether the defendant has a meritorious defense. A meritorious defense is established when the defendant makes allegations in its answer which, if established at trial, would constitute a complete defense to the action. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). This Honorable Court, *sua sponte*, dismissed Plaintiff's claims of verbal abuse, equal protection, unlawful seizure and medical malpractice as frivolous. Plaintiff's claim against Defendant, Nurse Helen Whitley, is that she did not examine him after he was allegedly assaulted by the guards. His claim against Defendant, Dr. Roberta Burns, is that she would not provide him with copies of x-rays. In fact, this is an admission he received medical treatment. Nothing more is asserted against either Defendant. There is no claim that either Defendant violated his constitutional rights and, as the Court *sua sponte* dismissed Plaintiff's medical malpractice claims, a good faith argument exists that Plaintiff's Amended Complaint against Defendants, Dr. Roberta Burns and Nurse Helen Whitley, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

24. The final factor to be considered in determining whether to set aside an entry of default or default judgment is whether the default or default judgment was the result of the defendants' culpable conduct. In this context, conduct is considered culpable if it is "willful" or "in bad faith", or if it is part of a deliberate trial strategy. *Int'l Bhd. of Elec. Workers v. Skaggs*, 130 F.R.D. 526, 529 (D. Del. 1990). More than mere negligence must be shown to establish culpability on the part of the defendant. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1988). A lack of culpability has been found in cases involving innocent mishaps or mere mistakes. *See, e.g., Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 75 (3d Cir. 1987) (no culpability found where the defendant was not notified of a court conference, was given only two days to provide an answer and defense counsel was misinformed about what was required); *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 421 (3d Cir. 1987) (no culpability found where there was a miscommunication between two lawyers and one was distracted by legal problems); and *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir. 1983) (holding no culpability where lawyers from two different firms failed to communicate with one another, which was in part due to one lawyer's vacation).

25. Defendants, Dr. Roberta Burns and Nurse Helen Whitley, do not dispute that they executed waivers of service; however, their conduct following service cannot be considered culpable. Neither Dr. Roberta Burns nor Nurse Helen Whitley were on notice that they were parties in this case. Neither the Complaint nor the Amended Complaint set forth in the captions or bodies that Dr. Roberta Burns and Nurse Helen Whitley were named parties. When the Court sent the USM 285 forms to the U.S. Marshal for service on Dr. Roberta Burns and Nurse Helen Whitley, it included copies of docket items 2

(Complaint), 3 (Letter to Court from Plaintiff regarding grievance forms), 4 (Order granting Plaintiff's Motion to Proceed IFP), 8 (Order that a partial filing fee will be required), Order denying without prejudice Motion to Take Deposition 9, 11 (Letter to Judge Robinson from Plaintiff regarding prison mail), 12 (Order regarding Plaintiff's providing Court with USM 285 Forms for service on Attorney General Brady, James Chandler, Rick Kearney and Berezinsky), 20 (Plaintiff's Motion to Amend Complaint), 26 (Memorandum and Order dismissing Plaintiff's claims of verbal abuse, equal protection, unlawful seizure and medical malpractice as frivolous and directing Plaintiff upon learning identities of John Doe 1 and John Doe 2, to move the Court for an order immediately directing amendment of the caption and service of the Complaint upon them), 44 (Supplemental Service Order granting Plaintiff's Motion to Amend/Correct the Service Order for service on Dr. Roberta Burns), 47 (Order granting Plaintiff's Motion for Extension of Time to Complete Discovery), 49 (Supplemental Service Order granting Plaintiff's Motion to Amend/Correct Service Order for service on Nurse Helen Whitley) and 50 (Plaintiff's Motion to Compel Medical Record Report of Plaintiff). However, none of these items specifically sets forth in the caption that either Dr. Robert Burns or Nurse Helen Whitley are named parties. To lay persons such as Dr. Burns and Nurse Whitley, it is not clear when neither the Complaint nor Amended Complaint name either of them in the caption or body of the documents. In fact, the Court ordered Plaintiff to file a Motion seeking an Order to Amend the Caption upon learning the names of John Doe 1 and 2; however, none was ever filed. The Motion Plaintiff filed was a Motion for an Order Directing Amendment to Serve which appears to indicate someone is to be served, not named as a party. Lastly, the two unknown individuals named in the

Complaint are masculine, John Doe 1 and John Doe 2, and the two individuals who are substituted for those parties are feminine. This further confuses the issue of whether upon receipt of the documents set forth above, a person would be put on notice that she is a party to the litigation.

26. Not only were Dr. Roberta Burns and Nurse Helen Whitley operating under a mistaken belief, but Plaintiff was operating under the same belief as was set forth in Paragraph 21 above. Since Plaintiff did not believe Dr. Roberta Burns and Nurse Whitley were parties, they, as lay people, should not be held to have more knowledge or understanding than the party who has named them in the lawsuit.

27. Dr. Roberta Burns and Nurse Helen Whitley's failure to timely answer the Complaint was the result of mistake, confusion and excusable neglect. The February 14, 2008 letter sent to the Court by Dr. Roberta Burns further supports the view that the failure to timely answer was the result of mistake, confusion and excusable neglect. In the letter, Dr. Burns states she thought when the Court entered default, the case was dismissed. This is a mistake, Dr. Roberta Burns was confused, but it is reasonable to see how a lay person could misconstrue this, especially in light of the fact there were no documents identifying either her or Nurse Helen Whitley in the caption or clearly notifying them they were named parties in the suit.

28. The conduct of the defendants in this case does not rise to the level of culpability such that the Court's January 29, 2008 Order that judgment by default shall be entered at the end of the case against Dr. Burns and Nurse Whitley should be vacated. There is no evidence that the delay in responding to the Complaint was willful, in bad faith or in any way intentional on the part of Defendants, Dr. Roberta Burns and Nurse

Helen Whitley. At best, the delay was the result of excusable neglect, mistake, an innocent mishap, or inadvertence, none of which qualify as culpable conduct. *See Shearin*, 2004 U.S. Dist. LEXIS 4951 at *2-3 (D. Del.) (*See* Exhibit "A").

29. In light of the lack of bad faith on the part of Defendants, Dr. Roberta Burns and Nurse Helen Whitley, their assertion of valid, meritorious defenses and the lack of prejudice to the Plaintiff, this Honorable Court's Order that judgment by default shall be entered at the end of the case against Dr. Burns and Nurse Whitley should be vacated and the parties should be permitted to proceed on the merits.

30. In addition, it should be noted that Plaintiff failed to comply with the Court's December 28, 2007 deadline to show cause why Dr. Roberta Burns and Nurse Helen Whitley should not be dismissed from the case. Plaintiff did not respond to the Court until January 18, 2008 and this was in the form of a letter which the Court construed as a request for Default Judgment be entered against Defendants, Dr. Roberta Burns and Nurse Helen Whitely. The only filing prior to this was on November 28, 2007 at which time Plaintiff filed a Motion to Disregard the Default Judgment on All of The Defendants because he was confused about what the Court had requested in its August 23, 2007 Order (D.I. 109). Lastly, Plaintiff thought he no longer had valid claims against Defendants, Dr. Robert Burns and Nurse Helen Whitley, and it is Defendants' argument he is correct.

**WHEREFORE**, Defendants, Dr. Roberta Burns and Nurse Helen Whitley, respectfully request this Honorable Court to vacate the Court's Order entered on January 30, 2008, directing that judgment by default will be entered against Dr. Burns and Nurse Whitley at the end of the case.

                **MARSHALL, DENNEHEY, WARNER,**
                **COLEMAN & GOGGIN**
**BY:**   */s/ Eric Scott Thompson*
           **Kevin J. Connors, Esq. (I.D. No. 2135)**
           **Eric Scott Thompson, Esq. (I.D. No. 4633)**
           **1220 North Market Street, 5th Floor**
           **P.O. Box 8888**
           **Wilmington, DE 19899-8888**
           **Attorneys for Defendants, Robert Burns**
           **and Nurse Helen Whitley**

DATED: March 20, 2008
15/596156.v1

## CERTIFICATE OF SERVICE

I hereby certify that I have served upon all persons listed below two true and correct copies of the **MOTION OF DEFENDANTS, DR. ROBERTA BURNS AND NURSE HELEN WHITLEY, TO VACATE THE ENTRY OF DEFAULT JUDGMENT** in the above-captioned matter this date by electronic filing upon:

| | |
|---|---|
| Erika Yvonne Tross, Esquire<br>Delaware Department of Justice<br>Civil Division<br>820 North French Street<br>6th Floor<br>Wilmington, DE 19801 | Jason Carden Jowers, Esquire<br>Morris James LLP<br>500 Delaware Avenue, Suite 1500<br>P.O. Box 2306<br>Wilmington, DE 19899 |

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
BY:   */s/ Eric Scott Thompson*
   **Kevin J. Connors, Esq. (I.D. No. 2135)**
   **Eric Scott Thompson, Esq. (I.D. No. 4633)**
   **1220 North Market Street, 5th Floor**
   **P.O. Box 8888**
   **Wilmington, DE 19899-8888**
   **Attorneys for Defendants, Robert Burns and Nurse Helen Whitley**

DATED:  March 20, 2008
15/596156.v1