EXHIBIT 1

LEXSEE 2004 US DIST LEXIS 4951

K. KAY SHEARIN, Plaintiff, v. TIMOTHY W. POOLE, Defendant.

Civil Action No. 03-580 JJF

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2004 U.S. Dist. LEXIS 4951

March 23, 2004, Decided

**SUBSEQUENT HISTORY:** Motions ruled upon by *Shearin v. Poole*, 2004 U.S. Dist. LEXIS 4930 (D. Del., Mar. 24, 2004)

**DISPOSITION:** [*1] Plaintiff's motion for entry of default judgment denied.

**COUNSEL:** K. Kay Shearin, Wilmington, Delaware.

Pro Se Plaintiff.

Bruce C. Herron, Esquire of AKIN & HERRON, P.A., Wilmington, Delaware.

Attorney for Defendant.

**JUDGES:** JOSEPH J. FARNAN, JR., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** JOSEPH J. FARNAN, JR.

**OPINION**

*MEMORANDUM OPINION*

Wilmington, Delaware

**Farnan, District Judge.**

Presently before the Court is Plaintiff's Motion for Entry of Default Judgment and Supporting Affidavit. (D.I. 10.) For the reasons set forth below, the Court will deny the Motion.

**BACKGROUND**

Plaintiff filed the instant lawsuit on June 24, 2003 (D.I. 2) and the Defendant was served on July 29, 2003. (D.I. 9.) The Defendant did not timely file an answer. By her Motion, Plaintiff moves for entry of default judgment. 1

    1 Although Plaintiff moves for entry of default judgment, a party must move for entry of default prior to requesting the entry of default judgment. *See Fed. R. Civ. P. 55(a)*. Because Plaintiff is proceeding pro se, the Court will construe Plaintiff's Motion as a motion for entry of default.

[*2] **DISCUSSION**

Plaintiff contends that the Court should enter default because the Defendant has not filed an answer to her Complaint. In response, Defendant contends that the Court should deny Plaintiff's Motion because this case is at an early stage of litigation and Plaintiff has not been prejudiced by any delay. Further, Defendant contends that he has a meritorious defense of lack of subject matter jurisdiction. Defendant also maintains that his failure to file an answer was not due to willful conduct or bad faith.

Although no default has been entered in the instant case, the Court concludes that the factors enumerated by the Third Circuit in *United States v. $ 55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984), for setting aside an entry of default counsel against granting Plaintiff's Motion. A decision to vacate the entry of default is left to the discretion of the district court. *Id.* In making this determination, courts consider: 1) whether the plaintiff will be prejudiced if the court sets aside the default; 2) whether the defendant has a meritorious defense; and 3) whether the default was a result of the defendant's culpable conduct. *Id.* In [*3] the Third Circuit, defaults

are generally disfavored, and therefore, courts resolve, in close cases, doubts in favor of resolving the cases on the merits. *Zawadski De Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987)* (citing *Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 122 (3d Cir. 1983))*; *Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982)*.

Plaintiff has not alleged that she will be prejudiced by Defendant's failure to timely file an answer. Thus, the first factor weighs against the entry of default. The Court also concludes that the second factor weighs against entry of default. A defense is meritorious if, proved at trial, it would be a complete defense. *§ 55,518.05,728 F.2d at 195* (citing *Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951))*. Defendant contends that the Court is without subject matter jurisdiction over Plaintiff's claims. The defense of lack of subject matter jurisdiction is a complete defense.

Next, the Court concludes that the Defendant's conduct does not weigh strongly in favor of entering default. Legal counsel for the Defendant asserts [*4] that he was on vacation at the time he was forwarded Plaintiff's Summons and Complaint and that he promptly entered his appearance and filed a Motion to Dismiss, currently pending, shortly thereafter. The Defendant does not explain, however, why the attorney who first appeared in this action on his behalf was unable to respond to the Complaint. 2 Nevertheless, even when taking into account Defendant's failure to act despite having at least one attorney available to respond to Plaintiff's Complaint, on the record before it the Court is without evidence sufficient to find "'an inference of willfulness or bad faith[.]'" *Zawadski, 822 F.2d at 420* (quoting *Gross, 700 F.2d at 124*). At most, the Court finds a "breakdown in communication" between counsel and the Defendant, which under controlling precedent does not qualify as culpable conduct. *Id.*

> 2   Two attorneys have made appearances in this case on behalf of Defendant. The first, Edward McNally, Esquire, noticed his appearance on June 26, 2003. The second, Bruce Herron, Esquire, noticed his appearance on August 28, 2003. Mr. McNally withdrew as counsel on September 5, 2003. (D.I. 16.)

[*5] In sum, the Court concludes that it must deny Plaintiff's Motion. Plaintiff has not established prejudice, the Defendant has a meritorious defense, and there is no evidence supporting a finding that Defendant's or his attorney's actions were culpable.

An appropriate Order will be entered.

### ORDER

At Wilmington, this 23rd day of March 2004, for the reasons discussed in the Memorandum Opinion issued this date;

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default Judgment and Supporting Affidavit (D.I. 10) is **DENIED.**

JOSEPH J. FARNAN, JR.

UNITED STATES DISTRICT JUDGE