IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CURTIS M. COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-739 SLR |
| v. | ) |
| | ) |
| SGT JAMES CHANDLER, | ) |
| C/O BEREZINSKY, C/O DAISEY, | ) |
| NURSE HELEN WHITLEY, and | ) |
| DR. ROBERTA BURNS, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS NURSE HELEN WHITLEY AND ROBERTA BURNS' MOTION TO VACATE DEFAULT JUDGMENT**

Plaintiff Curtis Collins ("Collins") opposes the Motion of Defendants Dr. Roberta Burns and Nurse Helen Whitley's to Vacate the Court's January 29, 2008 Order Ordering Judgment by Default be Entered At the End of the Case in Favor Plaintiff and Against Defendants Burns and Whitley ("Motion to Vacate Default Judgment"). The grounds for Collins' opposition are as follows:

1. In its Order of January 29, 2008, the Court ordered that "judgment by default shall be entered at the end of the case in favor of plaintiff and against defendants Burns and Whitley as to plaintiff's claims of deliberate indifference to serious medical needs." (D.I. 126.) Dr. Roberta Burns and Nurse Helen Whitley (collectively the "Medical Defendants") have moved to set aside the default judgment pursuant to Rule 60(b)(1) and (6). The Medical Defendants must show that there was "mistake, inadvertence, surprise, or excusable neglect" or "other reason that justifies relief." Fed. R. Civ. P. 60(b)(1),(6). When considering a motion to vacate either a default or a default judgment, the Court must consider:

        1. Whether the plaintiff will be prejudiced;

        2. Whether the defendant has a meritorious defense; and

        3. Whether culpable conduct of the defendant led to the default.

*Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982). In the instant case, the Medical Defendants have failed to show: 1) that the defendants have a meritorious defense or 2) that their conduct did not lead to the default.

    2.    First, the Medical Defendants have failed to establish that they have a meritorious defense. "The showing of a meritorious defense is accomplished when '*allegations of defendant's answer*, if established on trial, would constitute a complete defense to the action.'" *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (emphasis added) (cited in Motion to Vacate ¶ 23). In their Motion, the Medical Defendants cite the correct standard, but appear to completely miss the import of that standard. Despite having been served with the Amended Complaint and despite now having counsel who have appeared, the Medical Defendants have still not answered or otherwise responded to the Amended Complaint. Accordingly, it is absolutely impossible for the allegations of the Medical Defendants' answer to meet the meritorious defense standard because they have failed, even at this late date, to file an answer.

    3.    Even if an answer were not necessary, the defenses set forth in the Motion to Vacate are insufficient to meet the meritorious defense standard. To amount to a meritorious defense, the defense must be a "complete defense" to Plaintiff's claims. *55,518.05 in U.S. Currency*, 728 F.2d at 195. Mere conclusory claims that a defense is meritorious is insufficient. *Id.*; *see also* James Wm. Moore et al., *Moore's Federal Practice* § 60.24[2] (3d ed. 2008). In their Motion, the Medical Defendants claim that Plaintiff's allegation against Nurse Whitley is

that she did not examine him after the assault by the guards. (Motion to Vacate ¶ 23.) They next claim that because Plaintiff alleges Dr. Burns did not provide him with the x-rays then Nurse Whitley must have treated him, which purportedly contradicts and nullifies Plaintiff's claims against Nurse Burns. (*Id.*) In making this argument, the Medical Defendants have seriously mischaracterized the Amended Complaint. Plaintiff alleges that Nurse Whitley came to see him after the assault and refused to examine him. (*See* Am. Compl., Statement of Claim Section (D.I. 20).) Because of this refusal, Plaintiff's medical treatment for at least one broken rib was delayed. Plaintiff does not claim that he *never* received *any* medical attention, but rather that he did not receive medical attention in a timely fashion following the assault by the guards. (*See id.*) In other words, he claims that for a period of time his medical needs were completely ignored. (*Id.*) The fact that he eventually received medical treatment does not nullify the deliberate indifference by Nurse Whitley or the pain and suffering Mr. Collins endured prior to medical treatment eventually being performed. Accordingly, the Medical Defendant's Motion to Vacate sets forth no defense whatsoever to the claim that he was not given medical treatment by Nurse Whitley in a timely fashion.

4.  Other than its attempt to mischaracterize Plaintiff's claim, the Medical Defendants' only remaining defense is that because the Court dismissed Plaintiff's medical malpractice claims the deliberate indifference to serious medical needs claims are also subject to a Rule 12(b)(6) motion to dismiss. Again, the Medical Defendants appear to misunderstand the legal standards at work. As this Court has correctly interpreted in the past, Plaintiff's claims against the Medical Defendants are for deliberate indifference to serious medical needs. These claims arise from the Eighth Amendment's ban on cruel and unusual punishment. *See, e.g., Lindsey v. Brady*, 537 F. Supp. 2d 666, 670 (D. Del. 2008). The Court dismissed Plaintiff's

medical negligence claims because he failed to produce an expert pursuant to the requirements of 18 *Del. C.* § 6801(7). (*See* D.I. 26.) As the deliberate indifference to medical needs claims are constitutional claims rather than medical negligence claims, section 6801's requirements do not apply. Consequently, the fact that the Court dismissed the medical negligence claims is not evidence of a meritorious defense. Because they have failed to establish a meritorious defense, the Medical Defendant's Motion to Vacate should be denied. *See Broadcast Music, Inc. v. Sports Bar, Inc.*, 145 F.R.D. 349, 350 (D. Del. 1992) ("[T]he United States Court of Appeals for the Third Circuit has held in *U.S. v. $55,518.05 In U.S. Currency*, 728 F.2d 192 (3d Cir.1984), that where, as a threshold matter, the defendant seeking to set aside the default judgment has not established a *prima facie* meritorious defense, the district court should not vacate the default judgment").

5.    Second, the Medical Defendant's own culpable conduct led to the default. Plaintiff originally filed his action on October 21, 2005 against Sergeant Chandler and Correction Officer Berezinsky. On May 12, 2006, Plaintiff moved to amend his Complaint to include Defendants John Doe 1 and John Doe 2, as well as certain other defendants. (D.I. 20.) The Court granted the Motion to Amend on June 2. In September 2006, after identifying the two unknown defendants as Dr. Burns and Nurse Whitley, Plaintiff moved for orders allowing service on Burns and Whitley. (D.I. 39; D.I. 43.) The Court granted those motions. (D.I. 44; D.I. 49.) On October 6, 2006, USM 285 Forms were forwarded to the U.S. Marshal so that Dr. Burns and Nurse Whitley could be served.

6.    Nurse Whitley executed the Return of Waiver of Service of Summons on December 4, 2006, and the Return of Waiver of Service of Summons was filed on December 13, 2006. (D.I. 80.) Dr. Burns executed the Return of Waiver of Service of Summons on March 11,

2007, and the Return of Waiver of Service of Summons was filed on March 16, 2007. (D.I. 96.) To this date, the Medical Defendants have still failed to file an Answer or otherwise respond to the Amended Complaint.

7.  Turning to the Defendant's culpable conduct, in the Motion to Vacate, the Medical Defendants state: "Defendants, Dr. Roberta Burns and Nurse Helen Whitley, do not dispute that they executed waivers of service; however, their conduct following service cannot be considered culpable. Neither Dr. Roberta Burns nor Nurse Helen Whitley were on notice that they were parties in this case." (Motion to Vacate ¶ 25.) The Medical Defendants also claim they did not realize they were defendants because the unknown defendants in the caption were listed as John Doe 1 and John Doe 2, which are masculine names. (*Id.*) Significantly, the Court ordered that both Dr. Burns and Nurse Whitley be served with certain documents, some of which clearly indicate they are John Doe 1 and 2 and that they are Defendants. For example, the Court ordered that the Medical Defendants receive a copy of the Supplemental Service Order. The Medical Defendant's freely admit that they received this Orders. The **first** sentence of the Supplemental Service Order addressing Dr. Burns indicates that the Plaintiff has "identified John Doe 2 as Roberta Burns." The **first** sentence of the Supplemental Service Order addressing Nurse Whitley indicates that the Plaintiff has "identified John Doe 1 as Dr. Nurse Helen Whitley." The caption of the Amended Complaint clearly lists John Doe 1 and John Doe 2 as Defendants. Frankly, it is difficult to believe that Dr. Burns and Nurse Whitley were not on notice that they were the John Doe defendants.

8.  Additionally, the Court ordered that a "Notice of Lawsuit" be served on both Dr. Burns and Nurse Whitley. (*See* D.I. 44; D.I. 49.) In part, the standard Notice of Lawsuit provides:

> Why are you getting this?
>
> ***A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.***
>
> This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within days (give at least 30 days or at least 60 days if the defendant is outside any judicial district of the United States) from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

(Emphasis added) (Attached as Ex. 1). Contrary to the Medical Defendant's statement that "[n]either Dr. Roberta Burns nor Nurse Helen Whitley were on notice that they were parties in this case," the aptly titled "Notice of Lawsuit" clearly informed both that "[a] lawsuit has been filed against you . . . in this court under the number shown above."

9. Moreover, the Medical Defendants have not offered an affidavit from either Dr. Burns or Nurse Whitley with sworn testimony that the Medical Defendants actually had no notice. Although it is at least theoretically possible that the Medical Defendants did not understand they were parties (though extremely unlikely based on the documents discussed above), there are no sworn facts actually supporting such an argument.

10. Both the meritorious defense and culpable conduct elements strongly weigh in favor of denying the Medical Defendant's Motion to Vacate.

WHEREFORE, Plaintiff respectfully requests that the Motion to Vacate Default Judgment be denied.

                MORRIS JAMES LLP

                Edward M. McNally (#614)
                Jason C. Jowers (#4721)
                500 Delaware Avenue, Suite 1500
                Wilmington, DE 19801
                (302) 888-6800
                emcnally@morrisjames.com
                jjowers@morrisjames.com
                *Attorneys for Plaintiff Curtis Collins*

Dated: May 5, 2008