IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CURTIS M. COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-739-SLR |
| | ) |
| SGT. JAMES CHANDLER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 28th day of October, 2009, having considered plaintiff's motion for an award of attorney fees;

IT IS ORDERED that plaintiff is awarded attorney fees in the amount sixty thousand dollars ($60,000); ten thousand dollars ($10,000) to be paid from the judgment awarded to plaintiff, and fifty thousand dollars ($50,000) to be paid by defendant C/O Berezensky, for the reasons that follow:

1. **Background.** Plaintiff Curtis M. Collins ("plaintiff"), an inmate incarcerated within the Delaware Department of Correction, filed a complaint on October 21, 2005, alleging defendants used excessive force against him, in violation of his Eighth Amendment rights. (D.I. 2) Plaintiff requested counsel and, on March 12, 2008, the court issued an order recognizing representation by Jason C. Jowers, a member of the Federal Civil Panel and an attorney with the law firm of Morris James LLP. (D.I. 133) Several defendants were dismissed from the case and the case proceeded to trial against defendants James Chandler ("Chandler"), C/O Berezansky ("Berezansky"), and C/O Daisey ("Daisey"). The jury trial commenced on March 24, 2007 and concluded on

March 27, 2009. The jury found in favor of plaintiff and against Berezansky. It awarded plaintiff five thousand dollars ($5,000) in compensatory damages and thirty-five thousand dollars ($35,000) in punitive damages for a total award of forty thousand dollars ($40,000). The jury found in favor of defendants Chandler and Daisey.

2. Pursuant to 42 U.S.C. § 1988(b), plaintiff seeks an award of attorney fees in the amount of fifty-nine thousand, six hundred dollars ($59,600)[1] based upon five hundred seventy-three (573) hours of work by attorneys and seventy-five (75) hours of work by legal assistants. (D.I. 194) While Berezensky responds that the request is not overreaching or unreasonable, he objects to the motion on the ground that more of the judgment should cover the attorney fees as set forth in 42 U.S.C. § 1997e(d)(2). (D.I. 200)

3. **Standard of law**. Pursuant to 42 U.S.C. § 1988(b), in any action or proceeding to enforce a provision of 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . , a reasonable attorney's fee as part of the costs." The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), significantly limits the amount of recoverable attorney fees that a court may award a prisoner recovering a monetary judgment in a civil rights action, as follows:

> (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that – (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and (B)(i) the

---

[1] Sixty thousand dollars ($60,000) in attorney fees reduced by one percent (1%) of the judgment or four hundred dollars ($400) to be paid from the forty thousand dollar ($40,000) awarded to plaintiff.

amount of the fee is proportionately related to the court ordered relief for the violation; or (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

(2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

(3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel.

(4) Nothing in this subsection shall prohibit a prisoner from entering into an agreement to pay an attorney's fee in an amount greater than the amount authorized under this subsection, if the fee is paid by the individual rather than by the defendant pursuant to section 1988 of this title.

42 U.S.C. § 1997e(d).

4. "[T]he district court has discretion in determining the amount of a fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). It is important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award. *Id.*

5. **Discussion**. It is undisputed that plaintiff is the prevailing party in this action. *See Truesdell v. Philadelphia Hous. Auth.*, 290 F.3d 159, 1663 (3d Cir. 2002) (when a plaintiff prevails on one claim, the degree of overall success of other claims does not alter his status as a prevailing party). While this case proceeded to trial against three defendants, plaintiff only seeks compensation for the hours directly and reasonably incurred in proving an actual violation of his constitutional rights. Plaintiff correctly calculated the appropriate hourly rate pursuant to 42 U.S.C. 1997e(d)(3); one hundred fifty dollars ($150.00) per hour from January 1, 2008 to March 10, 2009, and one

hundred sixty-five dollars ($165.00) from March 11, 2009 to present.[2] *See Hernandez v. Kalinowski*, 146 F.3d 196 (3d Cir. 1998) (applying the rates established in 18 U.S.C. § 3006A for Criminal Justice Act ("CJA") court-appointed attorneys when determining awards of attorney fees under the PLRA). Plaintiff requests an hourly rate for legal assistants commensurate with the percentage that reduced Mr. Jowers' standard hourly fee (i.e., for each legal assistant ranging from thirty percent (38%) to forty-four percent (44%) per hour). Plaintiff reduced the total number of legal hours worked, and requests fees for those hours directly and reasonably incurred in proving the constitutional violation multiplied by the appropriate rate for a total of ninety-four thousand, three hundred thirteen dollars ($94,313) in attorney fees. The PLRA provides that attorney fees may not exceed one hundred fifty percent (150%) of the judgment awarded plaintiff. The jury awarded plaintiff forty thousand dollars ($40,000). Therefore, plaintiff may recover attorney fees of $60,000.

6. **Percentage of judgment applied to attorney fees**. As set forth above, the PLRA requires an inmate plaintiff to contribute a portion of his award towards satisfaction of the attorney fees awarded. 42 U.S.C. § 1997e(d)(2). It is within the district court's discretion to apply "less than twenty-five percent of the judgment (as long as it applies *some* portion of the judgment) to satisfy the attorney's fee award." *Parker v. Conway*, – F.3d –, Nos. 08-2764, 08-2900, 2009 WL 2962733, at *5 (3d Cir. 2009)

---

[2]In this district, the CJA hourly rate as of March 11, 2009 to date is one hundred ten dollars ($110.00) per hour. It was one hundred dollars ($100) per hour from January 1, 2008 to March 10, 2009. These rates are used for the hourly rate calculation as set forth in § 1997e(d)(3) (i.e., an hourly rate no greater than one hundred fifty percent (150%) of the hourly rate established under 18 U.S.C. § 3006A).

(emphasis in original); *accord Boesing v. Spiess*, 540 F.3d 886 (8th Cir. 2008). Neither the statutory language nor the legislative history of the PLRA describes how a court sets an appropriate percentage under § 1997e(d)(2). *Kahle v. Leonard,* 563 F.3d 736, 743 (8th Cir. 2009).

7. Plaintiff requests that one percent (1%) of the judgment, or four hundred dollars ($400), be used as a setoff against the attorney fees owed by Berezansky. Plaintiff relies upon a recent decision by the United States Court of Appeals for the Eighth Circuit to support the one percent (1%) setoff. *See Boesing v. Spiess*, 540 F.3d 886 (8th Cir. 2008). Since the filing of his motion, the Eighth Circuit has adopted a multi-factor test, utilized in ERISA cases, to determine the percentage of an award to apply to attorney fees.[3]

8. Berezensky asks the court to adopt a bright line test to determine the percentage amount.[4] Should the court adopt Berezensky's proposed test, plaintiff

---

[3]Factors considered are: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney fees; (3) whether an award of attorney fees against the opposing parties could deter other persons acting under similar circumstances; and (4) the relative merits of the parties' positions. *Kahle v. Leonard*, 563 F.3d 736, 743 (8th Cir. 2009).

[4]Berezensky's proposed test is as follows: "If the prevailing civil rights plaintiff receives an award that is not nominal or injunctive, then the court should have the plaintiff contribute the full 25% of his judgment to his attorney's compensation. In cases where the prevailing civil rights plaintiff wins but only receives nominal damages or injunctive relief, then the court should have the defendant cover all of the costs and apply a 0% offset to the nominal award." (D.I. 200 ¶ 2.c.) Berezensky's test fails for a number of reasons, most notably that it is in contravention of the PLRA. The PLRA requires that a successful prisoner plaintiff pay a portion of a monetary judgment. Hence, the court cannot apply a zero percent offset. Indeed, several courts have held that, because a nominal damages award is a monetary judgment, it falls within the ambit of the PLRA's attorney fees provisions. See *Pearson v. Welborn,* 471 F.3d 732, 743-44 (7th Cir. 2006); *Robbins v. Chronister,* 435 F.3d 1238, 1239 (10th Cir. 2006);

would contribute twenty-five percent (25%) of his award (i.e., ten thousand dollars ($10,000)) toward attorney fees. Recently, the United States Court of Appeals for the Third Circuit stated that "[t]he PLRA's twenty-five percent provision does not require a district court to apply twenty-five percent of the judgment to satisfy an attorney's fee award when the attorney's fee award exceeds twenty-five percent of the judgment." *Parker v. Conway*, 2009 WL 2962733, at *5. Instead, the PLRA gives the district court discretion to apply a lower percentage. *Id.*

9. The court declines to adopt the Eighth Circuit's *Kahle* test or the bright line test proposed by Berezensky. "Congress enacted the PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims." *Hernandez v. Kalinowski,* 146 F.3d 196, 200 (3d Cir. 1998) (citations omitted). "At the same time, Congress preserved the rights of prisoners with valid claims to have access to an attorney and seek legal redress for meritorious claims by including the provision for attorney fees. . . . Nothing in the legislative history suggests that Congress intended to deter meritorious claims." *Id.* It is evident from the PLRA that Congress, in making the allocation from the amount awarded the prisoner mandatory, intended to compel the prisoner to bear some of the burden of the cost of litigation. *See Livingston v. Lee*, No. 9:04-cv-00607-JKS, 2007 WL 4440933, at *2 (N.D.N.Y. Dec. 17, 2007). As the Third Circuit has noted, when "the result establishes

---

*Boivin v. Black*, 225 F.3d 36, 40-41 (1st Cir. 2000); *Foulk v. Charrier,* 262 F.3d 687, 703 (8th Cir. 2001). Additionally, several courts have held that if non-monetary relief is obtained (i.e., injunctive relief), § 1997e(d) is inapplicable. *See Walker v. Bain*, 257 F.3d 660, 667 n.2 (6th Cir. 2001); *Dannenberg v. Valadez,* 338 F.3d 1070, 1075 (9th Cir. 2003); *Keup v. Hopkins*, No. 4:05CV3208, 2008 WL 5255809, at *3 (D. Neb. Dec. 15, 2008).

that the prisoner's complaint had substantial merit," the case is not frivolous. *Hernandez*, 146 F.3d at 200. Here, plaintiff prevailed against Berezensky and, therefore, the court cannot say that the filing was frivolous. Indeed, the jury (as the finder of fact) determined that plaintiff was a victim of excessive force at the hands of Berezensky and awarded him compensatory damages of five thousand dollars ($5,000) and thirty-five thousand dollars ($35,000) in punitive damages. Taking into consideration the Congressional intent that prisoners bear some burden of the cost of litigation, twenty-five percent (25%) of the forty thousand dollars ($40,000) damages award (i.e., ten thousand dollars ($10,000)) shall be applied to satisfy the amount of attorney fees awarded.

10. **Conclusion**. For the above reasons, plaintiff is awarded attorney fees in the amount of sixty thousand dollars ($60,000). The fee award is allocated with a portion paid from the judgment awarded to plaintiff and the remainder by Berezensky.

_____
UNITED STATES DISTRICT JUDGE